<div style="text-align:right">NEW-YORK, October, 1811.<br>PROUDFIT<br>v.<br>HENMAN.</div>

Judgment reversed.

---

PROUDFIT *against* HENMAN and HENMAN.

IN error, on *certiorari*, from a justice's court.

The defendants in error sued the plaintiff in error for overflowing their land by his mill-dam. Issue was joined and a *venire* returned, on the 28th of *February*. By agreement between the parties, the cause was adjourned to the 22d *August*. The plaintiffs appeared, but the defendant did not appear. The plaintiffs stated that the defendant and they had agreed to adjourn further, until notified by the plaintiffs, and that they had given notice for the 19th *September* ; and the plaintiffs also made oath, that they could not safely proceed to trial, for the want of a material witness, who lived at a distance. The cause was adjourned to the 19th *September.* The plaintiffs then appeared, and the defendant did not appear, and a judgment was given for the plaintiffs.

<div style="font-style:italic; font-size:smaller">Where a justice adjourned a cause, on the suggestion of the plaintiff, that the defendant had agreed to an adjournment, and, on the affidavit of the plaintiff, of the absence of a material witness, without showing due diligence to procure his attendance, it was held that the justice had not an unlimited discretion to adjourn at the suggestion of the plaintiff, and that such adjournment was a discontinuance of the cause.</div>

*Per Curiam.* The last adjournment was without proof of any consent by the defendant. It was upon the suggestion of the plaintiffs, and without authority. The plaintiffs did not show that they had used due diligence to procure the attendance of the absent witness, nor at what distance he lived. There is no provision in the act

giving to the magistrate unlimited discretion to adjourn, for any length of time, upon the suggestion, and at the pleasure of the plaintiff. This adjournment amounted to a discontinuance, and the cause was out of court.

Judgment reversed.