# NEW-YORK COMMON PLEAS.

### SAMUEL ABERHALL agt. PHILIP ROACH.

An *adjournment* of a cause for ten days, after trial commenced, by a justice of the peace, without the defendant's consent, is without authority, and renders the further proceedings *void*.

*General Term, October,* 1854.

THE facts sufficiently appear from the opinion of the court.

I. T. WILLIAMS, *for defendant.*
CHAUNCEY SHAFFER, *for plaintiff.*

By the court—INGRAHAM, F. J.   This action was for damages occasioned by negligently driving against the plaintiff's wagon.   A question was put to a witness, whether the plaintiff hired another horse? which was admitted under exception. No special damages were claimed in the complaint.

This question should not have been allowed.   It was immaterial.   It neither tended to show the defendant's negligence, nor the injury to the plaintiff's property.

It is suggested that it is no ground of objection, because it is proven that the plaintiff's horse was useless for a week, and therefore the answer could have no bearing on the mind of the justice in rendering judgment.   This is not very clear.   He may have increased the damages for this reason, and, if so, it had an improper influence.

The justice, after commencing the trial on the 14th of April, adjourned, by consent, to the 20th, and again to the 28th of April.   On that day the plaintiff applied for a further adjournment, on account of the absence of a witness duly subpœnaed, which was opposed by the defendant, and the justice adjourned

Aberhall agt. Roach.

the cause to the 11th of May. This adjournment was without authority, and rendered the further proceedings void.

We have heretofore held, that an adjournment by the justice for ten days, without the defendant's consent, was unauthorized. (*Redfield* agt. *Florence, January Gen. Term,* 1854.) If such a power cannot be exercised before trial, there can be no possible reason for sustaining it after the trial has commenced. It is against the whole theory of the laws organizing these courts, which contemplate a speedy trial of causes pending therein. If a witness, duly subpœnaed, does not appear, an attachment should be issued, and the trial not be commenced until the attachment is returned; after it has been commenced, there is no propriety in such an adjournment. I doubt whether an instance can be found, even in a court of record, where the court has adjourned a cause half tried, to procure the attendance of a witness, without the consent of both the parties. In a justice's court no such power exists.

Judgment reversed.