## THE MAYOR, &c., OF THE CITY OF NEW YORK *v.* JOSEPH HUSSON.

The power conferred upon the clerks of justices' courts (see Laws 1840, chap. 170,) in the absence of the justice at the time to which the trial has been adjourned, to further adjourn it without the appearance or consent of the parties, cannot be exercised until the hour has arrived at which the trial has been fixed.

Where, on the day fixed for the trial, but before the hour appointed, and after the justice had left the court for the day, the clerk, without the knowledge of the defendant, adjourned the cause to a future day, at which time, the defendant not appearing, the plaintiff proceeded to trial and judgment,

*Held*, that, the adjournment by the clerk being unauthorized, it operated as a discontinuance of the action; and, at the time of the trial, the cause was out of court, and the justice had lost jurisdiction to proceed.

APPEAL, by the defendant, from a judgment against him rendered by the Third District Court. The facts appearing by the return are sufficiently stated in the opinion.

*Samuel F. Clarkson*, for the appellant.

*George H. Purser, corporation attorney*, for the respondents.

By the Court, HILTON, J.—This is an appeal, by the defend-

ant, from a judgment entered against him in the Third District Court under the following circumstances. The suit was commenced by warrant. The defendant appeared, and issue was joined June 16th, 1857. The trial was then adjourned to the 20th (then) instant, at 11 o'clock A. M., when the parties appeared, and a further adjournment was made to the 25th June, at 3 o'clock P. M., at which time the defendant appeared with his witnesses, and neither the justice, or clerk, or plaintiff's counsel, were present. He waited until the court room was closed, and only departed after being informed by the constable in attendance that the justice had left, and no court would be held on that day. It appears that, at some time before 3 o'clock P. M. on the 25th, but after the justice had left the court, the clerk, without the knowledge of the defendant, adjourned the trial to the 29th of June, at which day, the plaintiffs appearing, and the defendant not, the justice proceeded with the trial and rendered judgment for the plaintiffs.

In the absence of the justice at the *time* to which the trial had been adjourned by him, the clerk was authorized to further adjourn the cause to the 29th, without the consent of the parties, and without their appearing. 2 R. S. (4th ed.) 434, § 45; Laws of 1840, ch. 170, p. 123. But this power could not be exercised by the clerk in the absence, or without the consent, of both parties, until the hour had arrived on the 25th of June to which the trial had been postponed.

The adjournment by the clerk, being unauthorized by law, amounted to a discontinuance of the action, and, at the time of the trial, the cause was out of court, and the justice had no jurisdiction to proceed in it. *Proudfit* v. *Hurmans*, 8 John. 391; *Lynsky* v. *Pendegrast*, 2 E. D. Smith, 43; *Redfield* v. *Florence*, 2 E. D. Smith, 339; *Hunt* v. *Wickwire*, 10 Wend. 102.

Judgment reversed.