Peck *vs.* Andrews.

| 32 445 |
| 59h 118 |

Where, upon the joining of issue in a justice's court, the defendant moves for an adjournment, to which the plaintiff objects, and demands that the defendant be first required to make oath and give bail, which the defendant refuses to do, it is erroneous for the justice to grant the adjournment, upon such motion, without oath or bail.

Although a justice has the power, in his discretion, to adjourn a cause not exceeding eight days, upon his own motion, with or without the consent of parties, yet where it appears that he did not exercise such discretion, but granted an adjournment, upon the application of the defendant, without requiring him to make oath or give bail, such adjournment will be deemed an irregularity.

The effect of an irregular and unauthorized adjournment is that the cause is out of court, and the justice loses jurisdiction.

A party will not waive his objection to an irregular adjournment, by renewing his old subpœna.

APPEAL from a judgment of the Orleans county court, affirming a judgment of a justice of the peace,

*Church & Savage,* for the plaintiff.

*B. L. Bessac,* for the defendant.

*By the Court,* MARVIN, J. Upon the return of the summons in the justice's court the parties appeared and joined issue, and the defendant moved for an adjournment. The plaintiff objected, and demanded that the defendant make oath and give bail, in order to obtain the adjournment. The defendant refused to make the oath and give the bail demanded, and the court decided that it was not necessary for him to do so, in order to obtain an adjournment; and the court granted the adjournment, on the motion of the defendant, without oath or bail, and not on the motion of the court. The plaintiff then had his old subpœna renewed. The plaintiff did not appear on the day to which the cause was adjourned, and the defendant moved for a nonsuit. The court granted it, and rendered judgment against the plaintiff for costs $1.70.

The justice was authorized, in this case, in his discretion, with or without the consent of the parties, to adjourn the cause not exceeding eight days. He had authority and is directed by the statute to adjourn the cause, in a case like the present, on the application of the defendant, upon his applying for the adjournment at the time of joining issue, and if required by the plaintiff, the defendant must make oath that he cannot safely proceed to trial, for the want of some material testimony or witness, to be specified by him; and he must also, if required by the plaintiff, give security. The adjournment is to be for a reasonable time not exceeding 90 days, (2 *R. S.* 238, 239, §§ 57, 64.) The adjournment in this case was for eight days. It is clear that the justice had the power, *in his discretion,* to make this ad-

journment without the consent of the parties. But it is equally clear that he did not exercise this discretionary power. He tells us, in his return, that the adjournment was moved for by the defendant, and the plaintiff demanded that the defendant should make oath and give bail, in order to obtain the adjournment; that the defendant refused, and he decided that it was not necessary for the defendant to make oath and give bail, in order to obtain an adjournment; and that he gave the adjournment on the motion of the defendant, and not on his own motion. The language of the return is too clear and precise to admit of any doubt. The justice supposed, and so decided, that the defendant was entitled to an adjournment without making oath or giving bail; or, in other words, that they were unnecessary to entitle him to the adjournment though the plaintiff so required. It is clear that the justice erred. What was the effect of this error?

It has often been decided that by an irregular unauthorized adjournment the cause is out of court, and the justice loses jurisdiction. (*Kimball* v. *Mack,* 10 *Wend.* 497. *Gamage* v. *Law,* 2 *John.* 192. *Aberhall* v. *Roach,* 11 *How. Pr. Rep.* 95.) In all the cases I have consulted, the question was raised by the defendant; but I am not able to see that this can make any difference. The plaintiff has a right to proceed to trial on the joining of the issue, unless the justice, in the exercise of the discretion confided to him, adjourns the cause on his own motion, or the defendant complies with the requirements of the statute. In my opinion the justice, by the error committed, lost jurisdiction of the cause.

I also think that the plaintiff, by having his old subpoena renewed, did not waive this unauthorized adjournment. He objected all he could, and the justice overruled him; and by obtaining a renewal of his subpœna he did not waive his objections. In *Fanning* v. *Trowbridge,* (5 *Hill,* 428,) there was an irregular adjournment granted at the plaintiff's re-

quest. The defendant appeared on the adjourned day and answered to his name, but declined taking any part in the subsequent proceedings. It was held that the irregularity was not waived.

Upon the whole I think the judgment of the county court, and that of the justice must be reversed.

*Judgment accordingly.*

[ERIE GENERAL TERM, May 14, 1860. *Marvin, Davis* and *Grover*, Justices.]