LEVI J. DUEL, RESPONDENT, *v.* BYRON H. SYKES AND MICHAEL J. HAYES, APPELLANTS.

*Justice of the peace — effect of an adjournment before joining issue.*

Where both parties to an action in a Justice's Court appear upon the return of the summons, an issue must be joined before an adjournment, unless the parties otherwise agree, or the defendant refuses or neglects to plead; and in case the justice adjourns the action without issue joined, he loses jurisdiction thereof.

APPEAL by the defendants from a judgment of the County Court of Washington county, entered in the office of the clerk of the county of Washington on the 15th day of July, 1890, confirming a judgment of a justice of the peace in favor of the plaintiff.

The action was brought to recover the price of a calf, which the defendants agreed to purchase of the plaintiff and to pay him therefor three and one-half cents per pound upon delivery.

*J. B. McCormick*, for the appellants.

*James White*, for the respondent.

LANDON, J.:

Upon the return of the summons the defendants specially appeared by counsel and took objections to the jurisdiction. The plaintiff, without pleading, asked the justice to hold the case open until he could obtain counsel, twenty-five miles away. Defendants objected, urging that the court had no power to hold the case open or adjourn before issue joined. The court held the case open, or adjourned it, for two days. The defendants upon the adjourned day objected that the case was discontinued by the adjournment. The objection was overruled, issue was joined and trial had. The defendants now urge that the case was discontinued by the adjournment and that the court had no further jurisdiction of it. Section 2934, Code of Civil Procedure, provides that "where both parties appear upon the return of the summons, an issue must be joined before an adjournment is had, except when the defendant refuses or neglects to plead." Section 2959 provides that, "at the time of the return of a summons or of the joinder of issue without process, but at no other time, the justice may, in his discretion and upon his own motion,

adjourn the trial of the action not more than eight days, unless the defendant has been arrested; in which case no such adjournment shall be made."

We think these two sections must be construed so as to harmonize with each other, and hence conclude that when both parties appear issue must be joined before adjournment, unless they otherwise agree or the defendant refuses or neglects to plead. The section last cited is in title 4 under the caption " Proceedings between the joinder of issue and the trial," thus indicating no intention to make an exception to the rule prescribed in section 2934, which is in the preceding title of the same chapter. We are obliged to reverse the judgment. By the unauthorized adjournment the justice lost jurisdiction. (*Peck* v. *Andrews*, 32 Barb., 445.)

The judgment is reversed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment reversed, with costs.