HANNAMAN, Overseer of the Poor, *v.* MUCKLE.

*(Rensselaer County Court.   May 30, 1891.)*

1. JUSTICES OF THE PEACE—JURISDICTION—MANDATE—ISSUE IN BLANK.
    Code Civil Proc. N. Y. § 3135, provides that a mandate issued by a justice of the
    peace must be signed by him, and must be entirely filled up at the time when it is
    delivered to the officer to be executed, so as to have no blank, either in the date
    thereof or otherwise; and that a mandate delivered to an officer contrary to this
    section is void.   *Held*, that the justice acquires no jurisdiction where the mandate
    was issued, signed in blank, to plaintiff's attorneys, who afterwards inserted the
    names of the parties and the date, and gave it to the officer to be served.

2. SAME—EVIDENCE—MOTION TO DISMISS.
    On motion to dismiss the action on the ground that the mandate was so issued, it
    is error to exclude the testimony of the managing clerk of plaintiff's attorneys that
    before bringing the action they received such a mandate from the justice.

3. SAME—PROCEDURE—ADJOURNMENT—ABSENT WITNESSES.
    Code Civil Proc. N. Y. § 2959, provides that at the time of the return of a sum-
    mons, or of the joinder of issue without process, but at no other time, the justice
    may on his own motion adjourn the trial not more than eight days.   Section 2960
    provides that at such time an adjournment may be had at plaintiff's instance if he
    shows on oath that he cannot safely proceed to trial for want of material evidence.
    *Held*, that after a trial has been had, at which the jury disagreed, it is error, on
    the return of the new *venire*, to allow plaintiff an adjournment on the ground of
    absent witnesses against defendant's objection.

4. SAME—WAIVER OF OBJECTIONS.
    Where defendant's objection to such adjournment was made in due time, but has
    been overruled, he does not waive the objection by subsequently appearing and
    defending on the merits.

Appeal from justice court.

Action by Lemuel B. Hannaman, as overseer of the poor of the town of
Brunswick, against Thomas Muckle, before a justice of the peace, to recover
a penalty for defendant's selling liquor without a license, in violation of the
excise law.   The justice issued the summons in the case, signed in blank, to
plaintiff's attorneys.   They then inserted the names of the parties and the
date, and delivered it to an officer to be served.   On the return of the sum-
mons defendant entered a special appearance, and objected to the jurisdiction
of the justice that the summons was void under Code Civil Proc. § 3135, but
his objection was overruled.   There was judgment against defendant, from
which he appeals.

*Henry J. McCormack,* for appellant.

Code Civil Proc. § 3135, requires that a mandate issued by a justice of the
peace shall be entirely filled up, so as to have no blank in the date or other-
wise.   While there has been no adjudication involving the construction of
this section, it was held under the provision of the Code of Procedure, of
which it is a substantial re-enactment, and the provisions on the subject in
force prior to that Code, that such process is wholly void.   1. Wait, Law & Pr.
p. 83; 3 Wait, Law & Pr. p. 101; 1 Cow. Treat. p. 549, § 919; *Borrodaile*
v. *Leek,* 9 Barb. 614; *People* v. *Smith,* 20 Johns. 63; *Near* v. *Van Alstyne,*
14 Wend. 230; *Millett* v. *Baker,* 42 Barb. 215.   If the summons was illegal
and void because not issued by the justice in person, there was no commence-
ment of the suit.   It is not competent for a justice of the peace to delegate
his official power to any one.   *Borrodaile* v. *Leek, supra.*   The provision
was intended to guard against an abuse, at one time common, of putting
blank process into the hands of constables and others, to be filled up as they

saw fit. *Near* v. *Van Alstyne, supra.* The justice who issues process in blank is entirely without jurisdiction, and the proceedings had under that process are void.

*Warren, Patterson & Gambell*, for respondent.

GRIFFITH, J. Upon the return of the summons before the justice the defendant appeared specially, and moved to dismiss the action upon several grounds, one of which was, "that the summons in this action was not issued until to-day, or, if issued, was issued in blank, without the date of issue or the date thereof being written therein." In support of the objection the defendant called Charles T. Faulkner, and the question was asked him: "Did you, before December 20, 1890, as managing clerk for Warren, Patterson & Gambell, receive paper purporting to be a summons and copy thereof from Hiram File, justice of the peace of the town of Pittstown, signed in blank by said justice, or did Warren, Patterson & Gambell receive such papers within the knowledge of the witness?" This was objected to by the plaintiff on the grounds that it is irrelevant and entirely immaterial. In addition thereto defendant asked the court to state in his minutes whether or not the court signed and delivered the summons to Warren, Patterson & Gambell, attorneys for the plaintiff, or to any constable for service on the defendant, or if the court sent the summons signed in blank for service on the defendant. This the justice refused to state. Section 3135 of the Code of Civil Procedure provides that "a mandate issued by a justice of the peace must be signed by him," and "must be entirely filled up at the time when it is delivered to an officer to be executed, so as to have no blank, either in the date thereof or otherwise. A mandate issued and delivered to an officer contrary to this section is void." It would seem that the question put to Faulkner was competent, relevant, and material in support of the defendant's motion, and is made the more relevant and material by reason of the justice's refusal to state whether he had issued the mandate in blank. It was a proper inquiry, and properly made, and the justice erred in sustaining the objection. By the amended return the justice says that the summons was issued by him, signed, but not filled up, and delivered to the plaintiff's attorneys. This, in my opinion, was contrary to the provisions of the statute, and the summons was void. Subsequently issue was joined, and a trial had before a jury, which resulted in a disagreement, and a new *venire* was issued and returned on the 12th day of January, 1891, on which day parties appeared, *venire* returned, and jurors drawn and sworn. The plaintiff then moved for an adjournment on the ground that his witnesses were not present, and he did not have time to subpœna them. To this adjournment the defendant objected upon several grounds. The court overruled the objections, and, in the language of the return, "court consented to hold case open till January 15th, at 10½ o'clock A. M.; on account of court having engagement on the 13th and 14th, would be obliged to hold case over till 15th." Section 2959 of the Code of Civil Procedure provides, at the time of the return of the summons, or the joinder of issue without process, but at no other time, the justice may, in his discretion, and upon his own motion, adjourn the trial of an action not more than eight days. Section 2960 provides that, at the time of the return of the summons or the joinder of issue without process, the justice must, upon application of the plaintiff, adjourn the trial of the action not more than eight days, to a time fixed by the justice; but such an adjournment shall not be granted unless the plaintiff or his attorney, if required by the defendant, make oath that the plaintiff cannot, for want of some material testimony or witness specified by him, safely proceed to trial. The adjournment from the 12th to the 15th of January, in the face of the defendant's objections, was not in accord with the above provisions of the Code, and was irregular. The objections were made in due time, and well taken, and the adjournment was

erroneous. The objections were not waived by the subsequent appearance of the defendant. When the question of regularity is raised at the proper time, and improperly overruled, the party is never concluded by pleading to the action. He does what he can, and at the earliest opportunity, to arrest the irregular proceeding; but, being defeated in this by the erroneous decision of the justice, the party cannot be deemed to have waived anything by subsequently pleading, and making the best defense in his power. *Dewey* v. *Greene,* 4 Denio, 93; *Avery* v. *Slack,* 17 Wend. 86. There are numerous objections taken by the defendant during the trial, which were overruled, to the great prejudice of the defendant. From the return it seems that the trial justice labored under the impression that he had one duty to perform, and that was to assist to any degree in securing a judgment against the defendant. That there was a violation of law by the defendant I have no doubt, but his right to a fair and impartial trial was denied him, and for the errors above mentioned the judgment should be reversed. Judgment reversed, with costs to the appellant.