C. FRED THOMPSON, Respondent, *v.* KATE SHERIDAN, Appellant,. Impleaded with Another, etc.

*Return of a justice of the peace — conclusive upon an appeal — remedy if it be false — when a defendant appears in time.*

The facts stated in the return of a justice of the peace, as to what occurred before him upon the trial of an action, cannot upon appeal be controverted by affidavits; such return is conclusive as to the facts stated therein. If the return be false the remedy of the party aggrieved thereby is by an action against the justice.

Where a defendant appears before a justice of the peace ‘on the return day of a summons, before judgment is rendered, while the plaintiff is still present, and asks to be permitted to appear and defend, it is error for the court to refuse to allow him to do so.

APPEAL by the defendant, Kate Sheridan, from a judgment of the County Court of Cortland county in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 29th day of March, 1894, upon the decision of the court affirming the judgment of a justice of the peace of the town of Cortlandville, Cortland county, and also from an order entered in said clerk's office on the 5th day of March, 1894, affirming such judgment.

*J. & T. E. Courtney*, for the appellant.

*E. E. Mellon*, for the respondent.

MARTIN, J. :

This action was commenced before Dorr C. Smith, Esq., one of the justices of the peace of the town of Cortlandville, N. Y., to recover sixty-four dollars and seventy cents and interest for goods, wares and merchandise sold and delivered to the defendant.

The summons was issued May 3, 1893, and made returnable on the twelfth of the same month at one o'clock, P. M. It was personally served on both of the defendants May fifth. Upon the day the summons was returnable the justice rendered a judgment in favor of the plaintiff for sixty-seven dollars and ninety-seven cents. The appellant claims that before such judgment was rendered the defendant, Kate Sheridan, appeared before the justice by counsel

and asked to be allowed to appear and answer. This was refused, and from the judgment entered by the justice Kate Sheridan appealed to the Cortland County Court. That court affirmed the judgment of the justice, with costs.

One of the principal and most important questions in this case is whether the court properly declined to allow the defendant to appear and answer. Upon the hearing of the appeal in the County Court affidavits were read both upon the part of the appellant and upon the part of the respondent, as to what occurred at the time the appellant appeared before the justice. These affidavits are in direct conflict. We, however, concur in the suggestion of the respondent's counsel, that the facts stated in the justice's return could not be controverted by affidavits, but that the return is conclusive as to the facts contained in it, and that in determining this question the return of the justice must alone be considered. In *Barber* v. *Stettheimer* (13 Hun, 198) it was held that upon an appeal to the County Court from a judgment of a justice of the peace, the truthfulness of the justice's return, if it be fully responsive to the notice of appeal, cannot be questioned nor controverted by affidavits, nor can a further return be required as to the truth of matters in respect to which the original return is controverted by affidavits. If the return be false the remedy of the party aggrieved thereby is by an action against the justice. In *Fitzgerald* v. *Fitzgerald* (25 Hun, 319), and *Collier* v. *Van Hoesen* (6 Wkly. Dig. 49) the same doctrine was held. On appeal, affidavits in support of allegations of error in fact cannot be read, when they relate to any matter within the knowledge of the justice. The facts must appear by the return. (*Gibbons* v. *Van Alstyne*, 29 N. Y. St. Repr. 461.)

In the justice's return in this case it was stated:

" May 12. Case duly called at 1 P. M. Plaintiff appeared in person and made oral complaint herein, demanding judgment against the defendants for the sum of $64.70, and interest thereon from January 18, 1893, and costs, for goods, wares and merchandise sold and delivered to the defendants at their request, and on their promise to pay therefor, to the amount, value and agreed price of $64.70, with interest as above; neither of the defendants appeared, and, after waiting one hour neither of the defendants appeared, and the plaintiff being ready, I proceeded to the trial of this action. The

plaintiff was sworn as a witness in his own behalf. No other evidence offered and evidence closed. After the plaintiff had rested and the evidence was closed, and five minutes after two o'clock, P. M., T. E. Courtney, Esq., came into my office and asked to be allowed to appear and answer for the defendant, Mrs. William Sheridan, swore to his authority to appear for her, and offered to pay plaintiff's costs herein made on this the return day of the summons. The plaintiff was present and objected, and refused to allow Mr. Courtney to so appear and answer, and asked that judgment be rendered and entered herein, to which the defendant excepted. Whereupon I did immediately, and on this 12th day of May, 1893, render and enter judgment herein in favor of the plaintiff and against the defendants for the sum of $67.97. To wit:—Damages, $65.67. Costs, $2.30. Judgment, $67.97. All of which is respectfully returned. Dated Cortlandville, N. Y., June 20, 1893.

"DORR C. SMITH, *Justice of the Peace.*"

(Indorsed.) "Filed June 27, 1893, S. K. JONES, *Clerk.*"

Thus, by the return, it plainly appears that before the judgment was entered, and while the plaintiff was present, the defendant appeared and asked to be allowed to appear and answer, and that upon the objection of the plaintiff this request was denied and judgment was subsequently entered. Thus the question presented is, whether, where a defendant appears before a justice of the peace on the return day, while the plaintiff is present, and asks to appear and answer, the justice can properly refuse to permit him to do so. In *Atwood* v. *Austin* (16 Johns. 180) it was held that where a defendant in a Justice's Court is ready in court to prove his defense, at the time that the plaintiff closes his case, he ought to be allowed to enter into it, although he was not present when the trial commenced. In that case the judgment was reversed because the justice declined to permit the defendant to prove his defense. That case was before the Revised Statutes went into effect, which, so far as they affect this question, were in all their essential particulars like the provisions of section 2934 of the Code of Civil Procedure. After the Revised Statutes this question arose in the case of *Pickert* v. *Dexter* (12 Wend. 150), where, upon the return of a summons in a Justice's Court, after waiting one hour and twenty minutes, the

plaintiff exhibited his declaration, proceeded to the proof of his demand by examining two witnesses, and then (one and one-half hours after the time specified in the summons for appearance) the defendant appeared and asked leave to plead, offering to pay all costs, and the justice refused such leave, only permitting him to cross-examine the plaintiff's witnesses, it was held that the refusal of the justice was error, and a judgment of the Common Pleas, reversing the justice's judgment, was affirmed by the Supreme Court. In delivering the opinion in that case, NELSON, J., referring to the case of *Atwood* v. *Austin,* said : " The case of *Atwood* v. *Austin* I think unexceptionable, and am of opinion it should be observed in proceedings under the Revised Statutes."

We have been cited to no recent case where this question has been decided, nor have we found any. We are unable, however, to see any good reason why the doctrine of the cases cited should not be applied under the statute as it now stands, as well as under the Revised Statutes, and are of the opinion that where a defendant appears before a justice of the peace on the return day, before a judgment is rendered, while the plaintiff is still present, and asks to be permitted to appear and defend, it is error for the court to refuse.

We agree with the respondent's counsel that parties should not be encouraged to appeal from judgments in Justices' Courts where the error complained of is trivial or technical, not affecting the merits, and where substantial justice has been done. But where a defendant is erroneously deprived of his right to appear and defend an action, we think the error is neither trivial nor technical, and cannot be disregarded upon the ground that it did not affect the merits or that substantial justice has been done.

We think the judgment of the County Court should be reversed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment of the County Court and of the Justice's Court reversed, with costs of this appeal and costs in the County Court to the appellant.