WILLIAM G. CRISP, Appellant, *v.* FRANCIS RICE, Respondent.

*Adjournments in a Justice's Court, on plaintiff's application — waiver of the right to question the power of the court.*

83 465
9ap 28
83 465
14ap 10

83h 465
76 AD¹183

The power of a justice of the peace to adjourn a case upon the application of the plaintiff, except in the cases provided for in section 2944 of the Code of Civil Procedure, is restricted to an adjournment on the return of the summons or the joining of issue, unless a commission has been issued, in which case the plaintiff is entitled to one or more adjournments of the trial, as may be necessary, in order to procure a commission to be executed and returned.

The fact that the defendant, in an action brought in a Justice's Court, after opposing the second adjournment of the case applied for by the plaintiff therein, appeared on the adjourned day, answered to his name, and offered the same objections, in writing, made to the prior adjournment, does not amount to a waiver by the defendant of his right to question the power of the justice to grant the plaintiff's second application for an adjournment.

APPEAL by the plaintiff, William G. Crisp, from a judgment of the County Court of Livingston county in favor of the defendant, entered in the office of the clerk of the county of Livingston on the 6th day of December, 1893, upon the decision of the court reversing the judgment of a justice of the peace of the town of York, Livingston county.

*Charles D. Newton,* for the appellant.

*Strang & Doty,* for the respondent.

HAIGHT, J. :

It appears from the return of the justice that the summons was issued by him March seventh, returnable March fifteenth, and that it was personally served. On the return day the parties appeared and the plaintiff filed his complaint in writing. The defendant answered by denying each and every allegation of the complaint. The case was then adjourned until April twelfth, and on that day the parties again appeared and the defendant filed an amended answer in writing. The plaintiff then asked for an adjournment for the reason that his counsel was unexpectedly detained in Rochester and had in his possession a note which was material evidence in the case. The defendant objected to a further adjournment. The court thereupon adjourned the case

until April thirteenth at nine o'clock. On the latter day the following appears from the return : " Parties appeared and answered. Defendant offered.the objections in writing his counsel made to the adjournment and went away. The plaintiff then went on with his claim, after hearing which I rendered judgment for the plaintiff." The written objections filed by the defendant were to the effect that the court had no authority to adjourn the case on the plaintiff's motion, as the case had been adjourned once before, and asked for a dismissal of the case.

There appears to be no question that the power of the justice to adjourn the case upon the application of the plaintiff, except in cases provided for in section 2944 of the Code of Civil Procedure, is restricted to the return of the summons or the joining of issue, unless a commission has been issued, in which case the plaintiff is entitled to one or more adjournments of the trial as may be necessary to procure a commission to be executed and returned. (Code Civ. Proc. §§ 2960, 2983; *Redford* v. *Snow*, 46 Hun, 370.)

It is claimed, however, that the defendant waived the question by appearing on the adjourned day. As we understand the return, the parties were present and the case was called. It says " they answered," from which we conclude that the names of the parties were called by the justice and each answered present. The return then states that the defendant offered the objections in writing his counsel made to the adjournment. It appears to us that this act tends to show that his appearance and answering to his name was for the purpose only of filing the objections to the jurisdiction of the justice, which his counsel had prepared, and that it was not his intention to appear generally in the action. It is not claimed that any step was taken in the trial by him before such paper was filed. We think, therefore, that it cannot be said that he waived the question as to the power of the justice to adjourn.

In this case the plaintiff did not comply with the provisions of section 2944 of the Code of Civil Procedure.

The judgment appealed from should be affirmed.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment of the County Court of Livingston county appealed from affirmed.