PARKER, P. J.
It appears from the justice's return in this action that issue was joined on the 14th of May, 1895, and that by mutual consent the case was then adjourned to June 20, 1895. On such adjourned day the case was again adjourned by consent of both parties to Jnne 28, 1895, at 9 o’clock a. m. On such last adjourned day the plaintiff appeared at the hour and place of adjournment. The defendant did not appear. At the request of the plaintiff, and upon the statement of his attorney that the counsel of both parties so desired, the case was again “ held open ” until July 15,1895. There was no proof whatever of any agreement between counsel that an adjournment should be had, and the statement so made was of no legal force, and furnished no authority for it
Proudfit v. Henman, 8 Johns. 805. On the 15th of July, at the adjourned hour, the plaintiff again appeared and the defendant did not ■appear. The justice thereupon, in the absence of the defendant proceeded to take proof of the plaintiff’s claim, and upon the proof so taken rendered judgment against the defendant. From such judgment an appeal was taken to the county court, where it was affirmed, and from the judgment of affirmance this appeal is brought.
Section 2959 of the Code provides when a justice may, on his own motion, adjourn a case. Section 2060 provides when he may adjourn it on the application of the plaintiff. Both of these sections confine the adjournment to the time of joining of issue, and (except in the instance provided for in section 2944, where an amendment of the pleading has been had) no other authority is given to the justice to adjourn on the motion of the plaintiff without the consent -of the defendant. It is very clear, therefore, that the adjournment ■from June 28th to July 15th was unauthorized. The case was therefore out of court when the judgment was rendered, and hence such judgment was utterly unauthorized. Bedford v. Snow, 46 Hun, 870 ; Crisp v. Bice, 83 Hun, 465, 64 S. B. 645; Proudfit v„ Henman, 8 Johns, 305.
The conclusion is that the judgment of the county court and of the justice must be reversed, with costs.
All concur.