MORRIS et al. v. HAYS.

(Supreme Court, Appellate Division, Fourth Department. February 9, 1897.)

1. JUSTICES OF THE PEACE—ADJOURNMENT OF TRIAL.
    Only one adjournment without the consent of both parties can be granted. under Code Civ. Proc. § 2960 (made applicable to the municipal court of Rochester by section 3226), which provides for an adjournment on the plaintiff's application "at the time of the return of a summons, or of the joinder of issue without process."

2. SAME—WAIVER OF JURISDICTION.
    The appearance of defendant's attorney after a second adjournment, which was for more than eight days, is not a waiver of the objection to such adjourn-

ment, where he objected to it when made, and before entering on the trial insisted that the court had lost jurisdiction by granting it, though the record shows that the case was adjourned to the "first day which best suited the convenience of all parties."

Appeal from Monroe county court.

Action by George Morris and another against Susselia Hays on a written guaranty. There was a judgment in favor of plaintiffs, and defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

J. B. Perkins, for appellant.

Horace McGuire, for respondents.

ADAMS, J. The plaintiffs, who are co-partners, and carrying on business as such in the city of Philadelphia, bring this action to recover of the defendant upon her written guaranty of credit of the firm of Schreier Bros., of the city of Rochester, to whom credit was given by the plaintiffs in reliance upon such guaranty. The action was brought in the municipal court of the city of Rochester, where the plaintiffs obtained judgment against the defendant for the sum of 841 damages, together with their costs of the action. An appeal was subsequently taken to the county court of Monroe county, where the judgment appealed from was affirmed, and from the judgment of affirmance this appeal is brought.

It appears that issue was joined in the municipal court by the service of the defendant's answer upon the 10th day of June, 1896, at which time both parties were represented by their respective attorneys, and the case was adjourned until the 17th day of June following. Upon the adjourned day the parties again appeared by their attorneys, and an adjournment of two weeks was asked for by the plaintiffs. Such application was granted over the objection of the defendant's attorney, upon the ground of the absence of material witnesses; and, as appears by the return of the judge of the court, which is contained in the record, "Friday, June 26, 1896, being the first day which best suited the convenience of all parties, was finally fixed as the adjourned day." Upon the adjourned day the parties again appeared, when the defendant's attorney promptly objected to the jurisdiction of the court, upon the ground that, the case having been adjourned for more than eight days, and over the objection of the defendant's attorney, and without right, the court had lost jurisdiction of the action. This objection was overruled, to which decision an exception was duly taken. Section 3226 of the Code of Civil Procedure provides that chapter 19, which regulates and defines the powers and jurisdiction of, and the proceedings in, courts of justices of the peace, shall, with the exception of titles 10 and 11 thereof, apply to the municipal court of the city of Rochester. And section 2960 of article 1 of title 4 of such chapter reads as follows:

"At the time of the return of a summons, or of the joinder of issue without process, the justice must, upon the application of the plaintiff, adjourn the trial of the action, not more than eight days, to a time fixed by the justice. But such

an adjournment shall not be granted unless the plaintiff or his attorney, if required by the defendant, makes oath that the plaintiff cannot, for want of some material testimony or witness, specified by him, safely proceed to trial."

This section contains the only provision which permits an adjournment at the instance of the plaintiff, save where one is rendered necessary by an amendment of the defendant's pleading (section 2944), or where a commission is issued for the examination of a witness (section 2983).

It is conceded that at the time issue was joined. an adjournment was had to the 17th day of June, and it may be assumed that such adjourned day was, as is ordinarily the case, agreed upon by the parties. However this may be, the adjournment thus taken exhausted the plaintiff's right to a postponement of the trial; and the judge of the court had no power to grant a further adjournment at his instance, without the consent of the defendant's attorney. Aberhall v. Roach, 11 How. Prac. 95; Redford v. Snow, 46 Hun, 370; Crisp v. Rice, 83 Hun, 465, 31 N. Y. Supp. 908.

But it is insisted that, inasmuch as the 26th day of June was fixed upon in order to meet the convenience of both parties, at which time the defendant appeared, and proceeded with the trial, she thereby waived her objection to the second adjournment. Upon the facts appearing in the record before us, we are unable to concur in this view of the case. It appears that the defendant's attorney not only strenuously insisted that the plaintiffs were not entitled to a further adjournment, but that he vigorously objected to such an adjournment being granted, and the only legitimate inference which we think ought to be drawn from the statement contained in the return is that, when the court ruled against him upon this objection, he simply fixed upon such a day as would best suit his convenience. Having done all that he could to prevent an unauthorized adjournment, he was not bound to abandon the case in order to protect his client's interests. See Baird v. Helfer (Sup.) 42 N. Y. Supp. 484. This view of the situation is strengthened by the fact that before entering upon the trial upon the adjourned day the defendant's attorney again insisted that the case had been adjourned without authority, and that in granting such adjournment the court had lost jurisdiction of the case. We are clearly of the opinion that in granting this second adjournment the municipal court was deprived of further jurisdiction in the case, and that there is nothing in the record which fairly amounts to any waiver upon the part of the defendant of her right to raise this question. This being so, the judgment subsequently entered was unauthorized and void. Stoutenburg v. Humphrey, 9 App. Div. 27, 41 N. Y. Supp. 140. And, having reached this conclusion, it becomes unnecessary to consider the other questions in the case.

The judgments appealed from are therefore reversed, with costs. All concur.