## STEELE v. WELLS.

### (Fulton County Court. July 8, 1898.)

1. JUSTICE OF THE PEACE—PRACTICE—LOSING JURISDICTION.

Under Code Civ. Proc. § 2934, providing that "at the place, and within one hour after the time specified in the summons for the return thereof, pleading of the parties must be made and issue must be joined; when both parties appear upon the return of the summons, an issue must be joined before an adjournment is had, except when the defendant refuses or neglects to plead"; and section 2959, providing that "at time of the return of the summons, or the joinder of issue, but at no other time, the justice may in his discretion * * * adjourn the trial,"—the justice does not lose jurisdiction, where the case is called at 11 a. m., plaintiff alone appearing, and is held open till 1 p. m. of that day, when plaintiff alone appeared, and filed complaint, and court is then held open till 6 p. m. of the same day, when plaintiff alone appears, and is sworn as a witness, and thereafter, on the same day, judgment is rendered.

2. SAME—APPEAL—PRESUMPTION.

It will be presumed, on appeal from justice of the peace, the contrary not appearing, that he held the case open the proper length of time.

Appeal from justice court.

Action by Chester L. Steele against Joachin R. Wells. From a judgment for plaintiff, defendant appeals. Affirmed.

D. H. McFalls, for appellant.
Emmet Blair, for respondent.

KECK, J. The judgment herein was by default. The appellant claims that the judgment must be reversed, for the reasons (1) that

the justice lost jurisdiction in the case to render the judgment, and (2) because he did not wait one hour after 6 p. m. before the taking of the evidence submitted by the plaintiff. The return sets forth that:

"On the return day of the summons, to wit, the 8th day of July, 1898, said cause was duly called at 11 o'clock * * * of that day. The plaintiff appeared in person, and with his attorney, Emmet Blair. There was no appearance on the part of the defendant. The cause was held open until 1 o'clock p. m. of that day, for the purpose of allowing the defendant to appear at that time. At 1 o'clock p. m. of that day plaintiff appeared and filed with the court the complaint hereto annexed. The defendant did not appear. Court held open until 6 o'clock p. m. of that day. Plaintiff appeared again at 6 o'clock p. m. Defendant did not appear, and no answer was filed herein. The cause was called, and plaintiff was sworn as a witness in his own behalf."

—And thereafter and on the same day judgment was rendered.

If, by the action of the justice, jurisdiction was lost, then the contention of the appellant is correct, and the judgment should be reversed.

Section 2934 of the Code of Civil Procedure provides that:

"At the place, and within one hour after the time specified in the summons for the return thereof, * * * pleadings of the parties must be made and issue must be joined; when both parties appear upon the return of the summons, an issue must be joined before an adjournment is had, except when the defendant refuses or neglects to plead."

And by section 2959 it is provided that:

"At the time of the return of the summons, or the joinder of issue without process, but at no other time, the justice may in his discretion and upon his own motion adjourn the trial of the action not more than eight days."

These two sections must be construed so as to harmonize with each other. Duel v. Sykes, 59 Hun, 117, 13 N. Y. Supp. 166. There was no appearance by defendant; hence the requirements of section 2934 that, "where both parties appear upon the return of the summons, an issue must be joined before an adjournment is had," do not seem to apply, so as to work an ouster of jurisdiction, as an issue had not been joined. In this respect I think the case differs from the cases of Duel v. Sykes, cited supra, Hannaman v. Muckle (Co. Ct.) 15 N. Y. Supp. 961, and Stoutenburg v. Humphrey (Sup.) 41 N. Y. Supp. 140, wherein issues had been joined, and the facts leading up to the adjournments were very different from those here. In the case of Duel v. Sykes the defendant appeared specially, and took objections to the jurisdiction, and thereupon the holding open was for two days, against the objections of the defendant; and this was held to be error. In Hannaman v. Muckle, cited supra, issue had been joined, and the adjournment or holding open was upon the plaintiff's motion, and against defendant's objection. In Stoutenburg v. Humphrey an issue had also been joined, and after adjournment, and without appearance by defendant on the adjourned day, the case was held open for a long period of time, which was held to be error. It seems to me these cases cannot be held to be authority here, as the holding open—or, rather, the suspension—by the justice was from 11 to 1 and from 1 to 6 on the same day, without issue having been joined, and with no appearance by the defendant. The provisions of section 2988 were not

violated, as the justice did hear the allegations and proofs of the plaintiff upon the return of the summons, within the fair intent and meaning of that section, as it seems to me. In the case of Thompson v. Sheridan, 80 Hun, 33, 29 N. Y. Supp. 868, to which attention has been called, the return discloses that the defendant appeared after the justice had waited one hour, but while the plaintiff was still present, and asked to be allowed to appear, which was denied to him; and it was rightly held that such denial was error, requiring a reversal of the judgment. That question, however, is not involved in this case. The provisions of the sections of the present Code governing cases like the present are, in effect, like those of the Revised Statutes. Thompson v. Sheridan, 80 Hun, 33–35, 29 N. Y. Supp. 868. Consequently decisions under those statutes may, as far as applicable, still be useful. In Baldwin v. Carter, 15 Johns. 496, the defendant appeared on the adjourned day, at the proper time, but the justice did not appear until a little after the hour had expired, when the plaintiff also appeared, and defendant urged the justice to call the case, which was delayed about 20 minutes after such hour had expired; and, after the plaintiff appeared, the defendant left, and on the appeal by defendant it was held that the judgment was right. In the case of Pickert v. Dexter, 12 Wend. 150, it appears that upon the return of the summons the plaintiff appeared and filed his declaration 20 minutes after the hour mentioned in the summons had expired. The defendant afterwards appeared, and asked to be permitted to defend, which was denied, and upon the appeal it was held that the denial was error. There was no intimation, however, that the suspension for 20 minutes before the declaration was filed deprived the court of jurisdiction. If a holding open or suspension beyond the time mentioned in the summons is fatal to jurisdiction, it seems to me that a suspension of twenty minutes is just as much so as one for two hours, or more than two hours, on the same day.

The complaint was filed in the action under consideration at 1 p. m., and may—as, perhaps, is often the case—have been prepared in the presence of the court during this suspension; and, if so, I think no one would contend that the justice was ousted of his jurisdiction, for I know of no rule that requires the magistrate to proceed on the moment of the expiration of the hour for the return mentioned in the process. And, if a further suspension was made until 6 p. m., I do not believe that any of the provisions of the statutes regulating the course of practice in justice's court have been violated, so as to justify a holding that jurisdiction in the action was lost. Just how long the case was held open after 6 p. m. does not appear by the return, and it must be presumed, I think, that the justice complied with the requirements of the statute. It has been the uniform practice of the courts in reviewing proceedings had before justices of the peace to regard them with marked indulgence and liberality in the furtherance of the ends of justice, and, if possible, sustain them by every reasonable and warrantable intendment. Knight v. Wilson, 55 Hun, 559, 9 N. Y. Supp. 20. I think that the course pursued by the magistrate was warranted by the various provisions in the Code applicable to actions in justice's court, and the defendant has suffered no harm

56 N.Y.S.—24

thereby, because there is no pretense that he intended to appear in the action; and the judgment should therefore be affirmed, with costs, and an order is directed to be made accordingly.