## MOODY v. BECKER.

### (Fulton County Court. May, 1901.)

1. JUSTICES OF THE PEACE—IMPROPER ADJOURNMENT.

An adjournment of a case by a justice of the peace, at plaintiff's request, and against defendant's objection, made after the return day, constituted reversible error, as a case can be adjourned at plaintiff's request only on the return of the summons, under Code Civ. Proc. § 2960, providing that at the time of the return of the summons the justice must, on plaintiff's application, adjourn the trial of the action not more than eight days.

2. SAME—NO WAIVER OF OBJECTION TO JURISDICTION BY APPEARANCE.

Where the defendant in a justice's court objected to the adjournment at the time it was taken, and raised objection to the jurisdiction for such improper adjournment at the adjourned hearing, the objection to the jurisdiction was not waived by a cross-examination of plaintiff's witness at such adjourned hearing, since defendant had raised the objection at the proper time.

Appeal from justice court.

Action by George E. Moody against Fred H. Becker, as president, etc. From a judgment in favor of the plaintiff, defendant appeals. Reversed.

Jordan & Cassedy, for appellant.

N. M. Banker, for respondent.

KECK, J. It is disclosed by the return herein that issue was joined upon the return of the summons on June 27, 1900, and the case adjourned by consent to July 6, 1900, at which time it was further adjourned by consent to November 28, 1900, when the parties appeared, and proceeded to the trial of the action. After the plaintiff had sworn several witnesses, the return sets forth that he made "an application to have the case held open, for the purpose of obtaining a material witness for whom he had procured a subpœna, and had used due diligence to subpœna, and had been unable to get him; said witness being L. A. Walker, the chairman of the committee. * * * He resided in Gloversville. Defendant objected to holding the case open or any adjournment." It further sets forth: "Case held open to December 3d, for the purpose of enabling plaintiff to procure the attendance of said L. A. Walker." "December 3d, case called. Plaintiff answered by N. M. Banker; defendant, by S. W. Cassedy, who objected to the jurisdiction of the court to hold any further proceedings in the case, on the ground that the court had no jurisdiction to hold case open for any purpose. Objection overruled." The witness Walker was then sworn for plaintiff, and cross-examined by defendant's counsel. One other witness was also sworn in behalf of the plaintiff and cross-examined. The plaintiff then rested. The defendant offered no testimony, and judgment was then rendered for the plaintiff.

The appellant contends that an error was committed by the trial court in holding open the case, and overruling the objections interposed, which calls for the reversal of the judgment. This holding open must be held, in effect, at least, an adjournment of the case. There is nothing in the return tending to show that the plaintiff had taken any action whatever to procure the attendance of the witness which he desired.

Was there such an error committed as requires the reversal of this judgment? It is well settled that no adjournment can be had on the application of the plaintiff, except at the time of the return of the summons, and then not to exceed eight days. Section 2960, Code Civ. Proc.; Duel v. Sykes, 59 Hun, 117, 13 N. Y. Supp. 166; Stoutenburg v. Humphrey, 9 App. Div. 27, 41 N. Y. Supp. 140; Newman v. Woodcock, 16 Misc. Rep. 142, 38 N. Y. Supp. 957; Crisp v. Rice, 83 Hun, 465, 31 N. Y. Supp. 908.

It is contended by the learned counsel for the respondent that if an error was committed it was waived by the defendant by reason of the fact that he participated in the trial by the cross-examination of the plaintiff's witnesses after his objections had been overruled; or, in other words, that in order to have preserved his legal rights he should have abandoned the case. And in support of such position he cites the cases of Dunham v. Heyden, 7 Johns. 381; Willoughby v. Carleton, 9 Johns. 136; Tifft v. Culver, 3 Hill, 180. But these cases are not applicable to this case, as no objections were raised in either, and in each the case proceeded in all respects after the adjournment as if no irregularity or unauthorized adjournment had been made. In the case under consideration, the defendant did all he could or need do to prevent the adjournment in the first instance and the further progress of the trial on the adjourned day, but was overruled by the court. When he did this, he had done all that a litigant need do to preserve his rights, and it was not necessary for him to abandon the case, or the court room, in order to better fortify his legal position. Had he made no objections, the case would unquestionably have come within the principles found in the authorities cited in support of the respondent's position. The objections, therefore, of the defendant were not waived by his subsequent appearance.

When the question of regularity is raised at the proper time, and improperly overruled, the party is never concluded by pleading to the action. He does what he can, and at the earliest opportunity, to arrest the irregular proceedings; but, being defeated in this by the erroneous decision of the court, he cannot be deemed to have waived anything by subsequently pleading and making the best defense in his power. Hannaman v. Muckle, 20 Civ. Proc. R. 296, 15 N. Y. Supp. 961. The adjournment of the case was therefore such an error as requires the reversal of the judgment.

Other questions have been raised by the appellant which have been examined, and it is very doubtful whether the plaintiff made such a case as to justify a recovery upon the merits; but, if I am right in the conclusions above reached, it is unnecessary to notice them here. The judgment should be reversed, with costs, and an order is directed to be entered accordingly.