## BURBANKS HARDWARE CO. v. HENKEL.

(Supreme Court. Appellate Division, Third Department. November 12, 1902.)

1. JUSTICES OF THE PEACE—UNAUTHORIZED CONTINUANCE—JURISDICTION.
   Where an action before a justice of the peace was three times adjourned on the application of the plaintiff, after defendant had withdrawn from the case, and in his absence, such unauthorized adjournments deprived the justice of jurisdiction.
2. SAME—SUMMONS—CONSTABLE'S RETURN—IMPEACHMENT.
   Where on the return day defendant offered to prove that the summons was not served on him, and that the constable's return was incorrect, and the justice refused to permit such proof, without any objection to the form of the offer or the character of the proof, such refusal was reversible error.

Appeal from trial term, Albany county.

Action by the Burbanks Hardware Company against John Henkel. From a judgment of the Albany county court reversing a justice's judgment in favor of plaintiff, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Toohey & Hickey, for appellant.
Warren McConihe, for respondent.

KELLOGG, J. The judgment of the county court, reversing the judgment of the justice court, must be affirmed. The record shows that after defendant had withdrawn from the case, and in his absence, the trial of the case was, on the application of the plaintiff, three times adjourned, and on the third adjourned day the trial proceeded in the absence of defendant. Such unauthorized adjournments ousted the justice of his jurisdiction. Crisp v. Rice, 83 Hun, 465, 31 N. Y. Supp. 908; Morris v. Hays, 14 App. Div. 8, 43 N. Y. Supp. 639.

On the return day of the summons, defendant offered to prove that the summons and other papers were not served upon him, and that the constable's return in that respect is incorrect. The offer was by the

¶ 2. See Justices of the Peace, vol. 31, Cent. Dig. §§ 193, 358.

justice refused, no objection being made to the form of the offer or the character of proof offered. This must be deemed a decision by the justice of the peace that proof could not be entertained to impeach the constable's return. This was also a reversible error.

Judgment of the county court affirmed, with costs. All concur; CHASE, J., on ground last stated.