WILLIAM WRIGHT, Respondent, *v.* NAT W. SHEPHERD, as Commissioner of Highways of the Town of Wilmurt, Appellant.

(County Court, Herkimer County, July, 1904.)

. Justice's court — Jurisdiction, when lost.

> By the adjournment of an action, in justice's court, for more than eight days (made after joinder of issue and one adjournment by consent) against the defendant's objection, the justice loses jurisdiction which is not restored by the defendant's subsequent participation in the trial.

APPEAL from a judgment rendered December 4, 1904, on the verdict of a jury for seventy-three dollars and eighty-five cents recovery and costs against the appellant.

Charles B. Hane, for appellant.

James Coupe, for respondent.

DEVENDORF, J. This judgment cannot be sustained, because errors were committed in the court below which require a reversal. Among such errors is that of an adjourn-

ment granted by the justice, at plaintiff's request, contrary to the provisions of the Code.

The summons was returnable November fourteenth, at which time the parties appeared and issue was joined and the case by agreement postponed to November twenty-fifth following, at which time the parties again appeared; amended pleadings were filed by consent, and plaintiff asked for a further adjournment, also for a venire; defendant objected to both the adjournment and the drawing of a jury, his objections were overruled and the action adjourned by the justice on plaintiff's motion for more than eight days, namely, to December fourth. At the adjourned day the parties appeared, and the defendant moved to dismiss the action by reason of such illegal adjournment, the motion was denied, and the case proceeded to trial against the specific objection of the defendant. The adjournment from November twenty-fifth to December fourth, at plaintiff's request (defendant objecting), was illegal, and jurisdiction was lost. Code Civ. Pro., § 2960; Moody v. Becker, 70 N. Y. Supp. 543; Morris v. Hays, 14 App. Div. 8.

Jurisdiction was not subsequently conferred by defendant's appearance at the trial, after his motion made at the time to dismiss had been denied; having done all that he could to prevent an unauthorized adjournment, defendant was not bound to abandon the case. Baird v. Helfer, 42 N. Y. Supp. 484.

The judgment entered was erroneous, and hence must, for the above reasons, if no other, be reversed.

I think further errors were committed by the justice upon the trial, in rejecting evidence offered by the defendant, and in striking out certain evidence, but it is unnecessary to call attention to them specifically, as the illegal adjournment necessitates a reversal.

Judgment of reversal will enter herein accordingly.

Judgment reversed.