MORRIS BLOWERS, · Respondent, *v.* AUGUSTA MALONE, Appellant.

(County Court, Saratoga County, January, 1912.)

Justices of the peace — Nature of office — Jurisdiction — Procedure in justices' courts — Postponement — Grounds in general.

> Where, upon the joinder of issue before a justice of the peace, the case was adjourned by consent of the parties and a further adjournment of several days was granted at defendant's request, and both parties appear on the adjourned day, the justice is without power over the objection of defendant, who was ready for trial, to hold the case open for six hours to enable plaintiff's attorney to appear.

> Such action on the part of the justice constituted a definite adjournment, was unauthorized and is cause for the reversal of a judgment against the defendant who did not appear at the adjourned hour.

APPEAL from a judgment of a justice of the peace rendered in favor of plaintiff.

Tibbitts Walker, for appellant.

S. M. Richards, for respondent.

ROCKWOOD, J. The sole question presented by this appeal relates to the power of a justice of the peace to hold open a case pending before him for the convenience of one of the parties.

On June 5, 1911, both parties appeared before the justice of the peace and joined issue, when, by consent of the parties, adjournment was taken to June 12, 1911, at one o'clock. On this latter date the parties again appeared; and, at defendant's request, an adjournment was taken to July 10, 1911, at one o'clock. On the adjourned day both of the parties appeared in person, and the justice's record contains the following entry: " Plaintiff asked to have the case held open until 7 P. M. of same date, as his attorney, S. M. Richards, was not present, and asked to hold open for him to be present at that hour.

" Defendant objected on the ground that defendant is ready for trial and plaintiff has no right to hold the case open. Objection overruled. * * * Case held open until 7 P. M. of same date, at my office."

The defendant did not appear at the adjourned hour; and, upon the plaintiff's testimony, judgment was rendered for the plaintiff and against the defendant for the amount claimed.

The defendant now appeals, asserting that the justice was without power to hold the case open, over her objection, from one o'clock P. M. to seven o'clock P. M.

A reading of the return on appeal discloses that the defendant is seeking to defeat the claim upon technical grounds, only, without relation to the merits of the case; but, as the objection goes to the power or jurisdiction of the justice, it must be decided without regard to the equities of the claims of the respective parties.

The Code of Civil Procedure, sections 2959 and 2960, specifically prescribes when adjournments may be granted by a justice of his own motion or upon the application of the plaintiff, and, as these are statutory powers, they cannot be extended. Section 2960 permits the justice, upon the application of the plaintiff, to adjourn the trial of an action for not more than eight days, but this power is limited in its exercise to the time of the return of the summons or of the joinder of issue without process. It is there prescribed that " such an adjournment shall not be granted, unless the plaintiff or his attorney, if required by the defendant, makes oath that the plaintiff cannot, for want of some material testimony or witness, specified by him, safely proceed to trial."

In the case at bar the postponement was had at a time subsequent to the return of the summons and to the joinder of issue without process, and there is nothing in the record to show that the plaintiff asked the postponement or adjournment for want of some material testimony or witness. The adjournment was requested because plaintiff's counsel was not present, which is a situation not covered by either section 2959 or section 2960; and it may very well be doubted in

a justice's court if a party has a right to an adjournment because of the absence of counsel.

The respondent argues that sections 2959 and 2960 have no application, because the holding open of the case for six hours was not an adjournment, but was one of the incidental powers of the justice, which he had a right to exercise.

It has been frequently held that a justice of the peace may wait a reasonable time for a party to appear, provided he knows that the party intends to appear, and that thereby his jurisdiction is not lost.

In Hardenburgh v. Fish, 61 App. Div. 333, decided in this department in 1901, the justice held the case open for ten minutes, and the Appellate Division held, Justice Edwards writing: " I do not think it necessary to consider the question of the authority of Northup to appear, for the reason that without such appearance the justice, with knowledge that Mr. Arnold, the plaintiffs' attorney, who was concededly authorized to appear, was detained and would very soon appear, did not lose jurisdiction by holding the case for from five to ten minutes to await his arrival. A justice has a reasonable discretion to exercise after the expiration of the hour to which the cause is adjourned, and where he has knowledge or information that the party intends to appear and will soon arrive, he does not lose jurisdiction by granting a reasonable indulgence. (Barber v. Parker, 11 Wend. 52; Pickert v. Dexter, 12 id. 151; Wilcox v. Clement, 4 Den. 160.) "

There are other cases along the same line, which it is not necessary to cite, holding that the justice may exercise a reasonable discretion.

To hold the case open for six hours, however, so that counsel may appear, when there is no assurance that such counsel will appear and when all of the parties are present in court, is more than a mere " holding open " of the case, and must be held to constitute a substantial adjournment. A delay of six hours is not a mere " reasonable indulgence," as referred to in the Hardenburgh case, *supra,* but amounts to a substantial and definite adjournment, which the justice

was clearly without any power or authority to grant. Wright v. Shepherd, 44 Misc. Rep. 454; Burbanks Hardware Co. v. Hinkel, 76 App. Div. 183; Matter of McKinney, 16 id. 63; Morris v. Hays, 14 id. 8; Kimball v. Mack, 10 Wend. 497; Gillilan v. Spratt, 41 How. Pr. 27; Moody v. Becker, 70 N. Y. Supp. 543; Newman v. Woodcock, 16 Misc. Rep. 142.

The court is aware that this case imposes a hardship upon the plaintiff, and it may perhaps be regretted that the powers of a justice of the peace in the matter of adjournments are so limited. The provisions of the Code, however, are definite and conclusive, and must be upheld.

For the reasons aforesaid, the conclusion is reached that the justice was without power to hold the case open for six hours at the request of the plaintiff, and the judgment rendered is, therefore, reversed, with costs.

Judgment reversed, with costs.