WILLIAM L. MANTHA CO., INC., Appellant, *v.* PETER PIRSCH & SONS CO., and Others, Respondents, Impleaded with ELMER P. SMITH, Defendant.

Second Department, January 6, 1928.

Justices of peace — jurisdiction — justice loses jurisdiction by adjournment of more than eight days without consent of defendant, in violation of Justice Court Act, § 181 — judgment thereafter rendered is voidable and not void.

This is an action to restrain the enforcement of a judgment of a justice of the peace. The justice adjourned the trial of the action without the consent of the defendant for more than eight days, which was a violation of section 181 of the Justice Court Act. The justice thereby lost jurisdiction of the case, but the judgment thereafter rendered was not void, but was voidable merely, and the proper remedy was by appeal. The judgment is not subject to collateral attack and its enforcement will not be restrained.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Suffolk on the 4th day of May, 1927.

*John R. Vunk*, for the appellant.

*Wells R. Ritch*, for the respondents Pirsch & Sons Co., and others.

Judgment unanimously affirmed, with costs, upon opinion of Mr. Justice FABER at Special Term.

Present — RICH, KAPPER, HAGARTY, SEEGER and CARSWELL, JJ.

The following is the opinion delivered at Special Term:

FABER, J.    Action to restrain defendants from enforcing a judgment of Justice's Court on the ground that such judgment is void and of no effect. The plaintiff claims the judgment is void because the justice of the peace, by whom the judgment was rendered, lost jurisdiction of the action in Justice's Court when he adjourned the trial of the action, without the consent of the defendant in that action, for more than eight days in violation of section 181 of the Justice Court Act. The case is submitted to me on the pleadings. All of the allegations of the complaint are admitted, except the one

alleging that the adjournment granted by the justice was illegal and that the judgment entered at the time of the adjournment was and is void, and another allegation that the plaintiff has no adequate remedy at law, both of which allegations are denied.   There is no doubt that the adjournment granted by the justice of the peace for a period of more than eight days was improper and ousted the justice of jurisdiction of the action and the parties (*Stoutenburg* v. *Humphrey,* 9 App. Div. 27; *Morris* v. *Hays,* 14 id. 8), but the justice having acquired jurisdiction of the parties and subject-matter, the judgment subsequently rendered by him was not void, but voidable.   The plaintiff here, who was the defendant in the Justice's Court, should have appealed from the judgment improperly rendered.   Such judgment cannot be attacked collaterally.   It is valid and binding until reversed.   (See *Horton* v. *Auchmoody,* 7 Wend. 200; *Austin* v. *Vrooman,* 128 N. Y. 229, 235, 238; *Handshaw* v. *Arthur,* 9 App. Div. 175; affd., on opinion below, 161 N. Y. 664.) The cases relied upon by plaintiff were cases where the judgments of the Justice's Court were attacked on appeal from such judgments and not collaterally, as here.   The plaintiff had ample relief at law by appealing and has failed to do so; the judgment involved in this action is valid and the complaint here must be dismissed, with costs.   Submit proposed findings and judgment.