MAYFIELD v. BENNETT.

1. **Judgment: MUST BE CONSTRUED IN LIGHT OF RECORD.** Where a judgment recited generally that notice had been served upon the defendant, and the record showed the service to have been by publication, *held*, that the recital would be taken to mean a service in that manner, and the judgment would be construed as *in rem* only, and not authorizing the issuance of a general execution.

2. ———: **EFFECT OF APPEARANCE AFTER JUDGMENT.** The appearance of the defendant after judgment, for the purpose of moving for a new trial, would not have the effect to render the judgment a personal one.

*Appeal from Mitchell District Court.*

WEDNESDAY, APRIL 17.

IN 1858 plaintiff commenced an action in the Mitchell District Court against defendant, upon an account for goods sold. It was averred in the petition that defendant was a non-resident of the State, and a writ of attachment was issued upon that ground. Among the files in said case is found an attachment bond; a writ of attachment duly tested by the clerk of the court, with a return of the sheriff showing a levy upon certain real estate in Worth county; an original notice, with a return of defendant "not found;" an affidavit for an order of publication setting forth that defendant was a non-resident of the State, and that the sheriff to whom the original notice was delivered had returned the same "not found;" and an order for publication. There is nothing upon any of these papers showing that they were ever filed in said action or court.

On the 22d day of June, 1858, an affidavit of the plaintiff was filed showing that the residence of the defendant was unknown to the plaintiff and his attorney and business agent, and could not, with reasonable diligence, be ascertained. On the same day proper proof of publication was filed, with the original notice attached.

No other pleadings, notice or proof of service of notice, can be found among the papers in said action, and there is nothing in the record showing that any other was filed.

On the said 22d day of June 1858, upon the papers herein before set forth, the said District Court, being then in regular session, rendered a judgment in said action, which is in these words: "And now, to-wit, on this 22d day of June, 1858, it being the second day of the June term of this court, this cause came up for hearing. The plaintiff, by his attorneys, appeared. The defendant did not appear, but made default, and on being called, came not. The plaintiff offered in evidence his books of account, and proved to the satisfaction of the court that service of notice had been made upon said defendant, and all things having been done in the premises, the said court, after hearing the proofs and allegations of the said plaintiff, ordered and adjudged that the said plaintiff have and recover of the said defendant the sum of nine hundred and twenty-nine dollars and sixty-three cents and the costs of suit. And accordingly the said court rendered a judgment against said defendant and in favor of said plaintiff for the said sum of nine hundred and twenty-nine dollars and sixty-three cents and the costs of suit, taxed at twenty-three dollars, and that the attachment in this case be sustained, and that the property attached be sold to satisfy the aforesaid judgment, and that a special execution be issued against said property, to-wit: All the right, title and interest in and to the village of Bristol, situated in section 8, township 99 north, of R. 22 west, in Worth county, Iowa, belonging to John M. Bennett."

On the 24th day of May, 1859, the defendant filed a petition to set aside said judgment upon the ground that he had not been personally served with the original notice of the action, and had no reliable information of said judgment until March, 1859. This petition set forth a meritorious defense and was supported by an affidavit averring, among other things, that defendant had no knowledge of the commencement of the action until November, 1858.

Mayfield v. Bennett.

Proper notice of this petition was served upon the plaintiff on the 31st day of May, 1859.

July 2, 1860, the defendant filed a motion for a change of venue. No action was taken upon said petition to set aside said judgment, and in 1860 the same was dismissed and the cause stricken from the docket, but at whose instance does not appear.

In February, 1859, a special execution was issued for the sale of the attached property, and the same was returned at the request of Eaton & Pooler, attorneys at law. It does not appear, however, that said attorneys were in any way connected with, or employed in, the case.

Nothing further appears of record in said cause until January 4, 1877, when the plaintiff caused a general execution to be issued upon said judgment, directed to the sheriff of Bremer county, who levied upon sufficient property of the defendant to satisfy the same.

On the 14th day of May, 1877, the defendant filed in said court a motion for an order correcting the judgment rendered at the June Term, 1858, so that the same shall be a judgment *in rem* against the property attached in the action and not a personal judgment against the defendant, and for a further order recalling the general execution and directing the release of the levy made by the sheriff of Bremer county, for the reasons set forth in affidavits accompanying the motion, and upon all the papers filed in said case. The motion was submitted to the court upon affidavits filed by defendant, and counter affidavits filed by the plaintiff.

Said motion was overruled, and defendant appeals.

*Boies & Couch*, for appellant.

*Clelland & Eaton*, for appellee.

ROTHROCK, CH. J.—I. We have not set out the affidavits in support of, and against the motion to correct the judgment

Mayfield v. Bennett.

and quash the execution, because we think the question pre-
sented must be determined upon the record of the judg-
ment, and upon that alone.

That part of the motion which asked a correction of the
judgment by an alteration of the record entry was properly
1. JUDGMENT: overruled, but, in our opinion, that part which
must be con-
strued in light prayed for an order recalling the execution and
of record.
releasing the levy, because of what was apparent of record in
the action, should have been sustained.

The judgment in controversy is not a personal judgment
when examined in connection with the whole record in the
action.

The court adjudged "that service of notice had been made
upon said defendant." This adjudication is certainly conclu-
sive.

It is conclusive that service was had in some manner pro-
vided by law. The usual method is by personal service, and
in the absence of any record showing service by publication,
no doubt such a presumption would obtain, but the papers in
this case show that the service was by publication, and the
adjudication must be understood to be in harmony with the
whole record in the case. It would be a most violent and
unwarrantable presumption to hold that the court found the
defendant was personally served in face of the fact that the
affidavit that the defendant's residence was unknown, and
could not with reasonable diligence be ascertained, and the
proof of publication with the original notice attached, were
made and filed on the very day the judgment was entered.
The judgment entry must be construed in the light of the
entire record. *Fowler v. Doyle*, 16 Iowa, 534. "No presump-
tions in support of the judgment are to be allowed in opposi-
tion to any statement contained in the record. If an act be
stated in the roll as having been done in a specified manner,
no presumption arises that at some future time the act was
done in a better or more efficient manner. If it appear that
the process was served in a particular mode, no other or

different service can be presumed." Freeman on Judgments, § 125, and authorities there cited.

II. The judgment being *in rem* it had no binding force only as against the attached property. Upon such judgment, the property of the defendant, other than that which was attached, cannot be sold, nor does it operate as a lien thereon. *Banta v. Wood*, 32 Iowa, 469.

III. It is urged by counsel for appellee that by filing the petition to have the judgment set aside, and afterward filing a motion to change the venue, the defendant appeared to the merits, conferred jurisdiction, and cured defects, if any, in the judgment.

2. ——: effect of appearance after judgment.

There were no defects in the judgment to be cured. It was a judgment *in rem*, and had no other force or effect. The appearance of the defendant, by filing a petition to vacate it, does not, in the absence of any action upon his petition, give the judgment more force, or make it different from what it was before. If it was *in rem* only, it so remained after the petition to set it aside was dismissed. We have found nothing in the authorities cited by counsel for appellee inconsistent with these views.

We conclude that the court below should have ordered the property levied upon to be released, and the general execution returned.

REVERSED.