### GOLDBERG v. LAVINSKI.

(Common Pleas of New York City and County, General Term. March 6, 1893.)

STATUTE OF FRAUDS—CONTRACT NOT TO BE PERFORMED WITHIN A YEAR.
  A verbal lease of real estate for a year to commence in future is not void, under the statute of frauds. Young v. Dake, 5 N. Y. 463, and Taggard v. Roosevelt, 2 E. D. Smith, 100, followed.

Appeal from district court.

Action by Hattie Goldberg against Louis J. Lavinski on a lease. There was judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

Abraham Nelson, for appellant.
Isidor Hershfield, for respondent.

PRYOR, J. Action for two months' rent under an alleged lease for a year. The defendant denies a letting for a year, but the court found the fact against him; and as the evidence was conflicting, and quite evenly balanced, we are not authorized to reverse the judgment for deficiency of proof.

The defendant essayed to dispute the title under which he took possession, but from this escape he was precluded by a familiar principle.

Again, the defendant urges the validity of an oral lease for a year to commence in the future; but he failed to plead the statute of frauds, and, if he had, the defense would have been unavailing. Young v. Dake, 5 N. Y. 463; Taggard v. Roosevelt, 2 E. D. Smith, 100.

Yet again, appellant interposes a surrender of his term; but no such defense appears to have been hinted on the trial, by plea or proof, nor do the facts in evidence support it.

To disprove the agreement for a lease in February, 1892, defendant offered to show that in March, 1892, he contracted for the purchase of other property; but of what force is the latter fact in negation of the former? And upon what principle may a party adduce his own act as evidence against his adversary? It was not of the res gestae, nor was the plaintiff privy to it. Tender of the proof was properly rejected. We see no ground upon which the judgment may be disturbed. Judgment affirmed, with costs.