(7 Misc. Rep. 182.)

### BLOOMINGDALE et al. v. ADLER.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. DISTRICT COURT OF NEW YORK—POWER OF JUSTICE.
   A justice of the city court of New York has no power to set aside a verdict and order a new trial.

2. JURY—CHALLENGE TO ARRAY—NEW VENIRE.
   Where an objection that a jury in a justice court was not drawn in accordance with Code Civ. Proc. § 2994, is sustained, the party is not entitled to a new venire on the ground that the jurors may have been prejudiced against him because of his technical objection.

3. APPEAL—OBJECTIONS NOT RAISED BELOW.
   The objection that a transcript of the testimony of a deceased witness given on a former trial was not admissible in evidence because it was not properly transcribed cannot be first raised on appeal.

Appeal from seventh district court.

Summary proceedings by Lyman G. Bloomingdale and others against John M. Adler. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

David C. Myers, for appellant.

D. Solis Ritterband, for respondents.

BISCHOFF, J. The tenant sought to justify his possession of the premises under an alleged parol lease made to him by one Hamburger, the landlords' grantor, before Hamburger's transfer of ownership to the landlords. The premises had been held by the tenant under a written lease from Hamburger, which expired of its own limitation on May 1, 1893, and it was claimed by the tenant that such lease was orally extended by Hamburger for one year before the latter conveyed the premises to the landlords and petitioners in the summary proceedings to recover possession. The landlords' succession to Hamburger's rights was shown by the production and admission in evidence of the contract of sale and the deed of the latter to the former. Considerable testimony of a decidedly conflicting and contradictory nature was given upon the question whether or not the parol lease which the tenant contended for was in fact made, and the case was submitted to the jury upon a fair charge, to which no exception was taken. This question of fact was eminently for the jury's determination, and, in view of the character of the evidence, their finding in favor of the landlords is not to be disturbed. Hayward v. Barron, (Com. Pl. N. Y.) 19 N. Y. Supp. 383; Dreher v. Connolly, (Com. Pl. N. Y.) 9 N. Y. Supp. 635.

The tenant's motion to set aside the verdict and for a new trial was beyond the province of the justice to entertain, (Schwartz v. Wechler, [Com. Pl. N. Y.] 20 N. Y. Supp. 861; Hecht v. Mothner, [Com. Pl. N. Y.] 24 N. Y. Supp. 826,) and hence was necessarily denied.

An examination of the exceptions for the tenant to rulings on the trial does not disclose material error. For the trial of the issues a jury was summoned by the justice, as required by section 2247 of the Code of Civil Procedure. Six of the persons so summoned were called, and took their seats in the box, but were directed to file out, and a new jury was drawn, pursuant to the provisions of section 2994, upon objection by counsel for the tenant that the last-mentioned provisions had not been complied with. The justice thus promptly cured any defect as to the array when his attention was called thereto. There is no force in the contention that the jury should have been drawn from a new venire because possibly the jurors chosen might be prejudiced against the tenant because of his counsel's technical objections. The jurors accepted were examined, and stated their readiness and ability to fairly decide upon the evidence, and no one of them was retained under objection. The tenant's only available objection under the circumstances stated was to the jurors individually, the statutory requirements with regard to the venire and array having been strictly complied with. The objection "to the venire" was therefore not well taken.

The tenant contends further, but raises the question for the first time on this appeal, that Adler, a juror accepted by consent, was a talesman, and therefore improperly received upon the jury. Such a contention cannot avail. An omission to challenge is a waiver of all objections to a juror. Clark v. Van Vrancken, 20 Barb. 278; Eggleston v. Smiley, 17 Johns. 133.

Exception was taken to the remarks of counsel for the landlords and petitioners in the opening of the case to the jury, these remarks being with reference to the tenant's having "taken to himself another store" in the immediate vicinity of the premises in question, and at the time when the oral agreement relied upon was alleged to have been made. Evidence directly to this effect was given upon the trial, and there is, therefore, no force in the objection. Moreover, the jury were instructed to find upon the evidence only, and not upon the statements of counsel. The evidence as to the taking of this other store was received under objection by the tenant's counsel, but it was certainly relevant and material in determining upon the probabilities of the case, and as a circumstance tending to throw light upon the transaction, in view of the conflicting character of the evidence. The credibility of a witness is always in issue, and evidence which tends to impeach it, or to demonstrate the improbability of the truth of his testimony, is relevant. Pharo v. Beadleston, 2 Misc. Rep. 424, 21 N. Y. Supp. 989. There can be no question in the present case as to the competency of the source of the testimony, it being that of the tenant himself on cross-examination. Goldberg v. Lavinski, (N. Y. Com. Pl.) 22 N. Y. Supp. 552, is not in point. There it was sought to prove the party's own act

as evidence against his adversary, and the offer of the proof was held to have been properly rejected,—a materially different question from the one before us.

With regard to the transcript of the testimony of Hamburger taken on a former trial, and which was read in evidence upon this trial, Hamburger having died meanwhile, no question as to its value as evidence can be properly raised upon this appeal. While, upon a proper objection, proof that the transcript contained all the testimony, and that it was properly transcribed, might have been required, the omission to make the objection upon the trial precludes the tenant from making it now. So, too, the affidavit referred to in the transcript as having been read to the witness was not a part of the record, and manifestly was not testimony taken upon the former trial, so as to authorize its receipt in evidence upon this. It was excluded under general objection, and, we think, properly so, since it was not competent as part of the record, and as no foundation by proof of its identity was laid.

Neither do we appreciate the force of the objection by the tenant's counsel on the trial to the reading of the landlords' deed from Hamburger to the jury, on the ground that the deed was in evidence only for the purpose of showing title and dates. The deed was offered and admitted in evidence generally, and its contents were therefore to be considered by the jury. The same is to be said of the contract of sale. If counsel desired to have the effect of these documents limited, he should have applied to the court for instructions to the jury. The tenant was in no sense prejudiced by the evidence respecting the due execution of the contract and the date of the landlords' negotiations for the purchase of the premises. The order appealed from should be affirmed, with costs.