### ZIMMERMANN et al. v. BLOCH.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. APPEAL FROM DISTRICT COURT—TIME OF TAKING—VACATING JUDGMENT.
  An order setting aside a judgment and granting a new trial in a district court of New York City, being beyond the power of the justice, does not stop the running of the time within which an appeal must be taken from the judgment.

2. VACATING JUDGMENT—POWER OF DISTRICT COURT OF NEW YORK.
  Laws 1894, c. 750, § 1, provides that any justice, after judgment has been rendered by him, may "set aside any default taken in any action tried before or by him, or vacate, modify, or set aside any judgment rendered by him"; that he may award costs "as a condition for opening any such default, or vacating, modifying, or setting aside any such judgment," and "may likewise, as a condition for opening any default, or vacating, modifying, or setting aside any judgment, order any defendant in default to give an undertaking." *Held*, that the statute relates only to judgments rendered by default.

Appeal from Fifth district court.

Action by Moses Zimmermann and others against Charles Bloch. From a judgment in favor of defendant, rendered by the justice without a jury, plaintiffs appeal.   Dismissed.

Argued before BISCHOFF and GIEGERICH, JJ.

Samuel D. Levy, for appellants.

Julius Levy, for respondent.

BISCHOFF, J.   After active litigation, judgment in favor of the defendant in this action was rendered by the justice below, and entered on the 22d day of September, 1894.   Within 20 days thereafter the plaintiffs moved before the justice that the judgment be set aside, and a new trial ordered, which motion was granted. Subsequently, on motion of the defendant, that order was vacated, and on the 15th day of December, 1894, plaintiffs instituted this appeal from the order last made.   It thus appears that the appeal, if considered as taken from the judgment, was not reasonably instituted, a period of more than 20 days having elapsed since its entry upon the docket (Code Civ. Proc. §§ 3046, 3213; Consolidation Act, § 1438), and from the respective orders no appeal would lie to this court (Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238; Wensley v. Randolph, 9 Misc. Rep. 457, 30 N. Y. Supp. 239).   But appellants contend that the date of the second order must be taken as the date of the judgment by reason of the fact that, pending the expiration of the time to appeal therefrom, it became a nullity by the force of the order vacating it, and that the second order, by vacating the first, revived the judgment, and fixed the date of its final rendition.   If this view were to be adopted, it would necessarily involve the result that the judgment, as of that date, was void, as being rendered after the lapse of eight days from the date of the trial (Consolidation Act, § 1384; Bloomer v. Merrill, 1 Daly, 485); but is clear that the order setting aside the judgment and granting a new trial was beyond the power of the justice to make, and the judgment as rendered was in no way affected. Therefore the appeal comes too late, and must be dismissed.

Prior to the late amendment of section 1367 of the Consolidation Act (Laws 1882, c. 410) by chapter 750 of the Laws of 1894,[1] a justice of a district court unquestionably had no jurisdiction to :set aside a judgment and order a new trial of a cause tried before

---

[1] Laws 1894, c. 750, § 1, amends Laws 1882, c. 410, § 1367, so as to read as follows: "Any justice may, at any time within twenty days after judgment has been rendered by him, upon motion duly made, open and set aside any default taken in any action tried before or by him, or vacate, modify or set aside any judgment rendered by him, and may award such costs, not exceeding ten dollars, as a condition for opening any such default or vacating, modifying or setting aside any such judgment against any party to the action, as in his discretion shall be just and proper. He may, likewise, as a condition for opening any default or vacating, modifying or setting aside any judgment, order any defendant in default to give an undertaking with sufficient sureties to the effect that such defendant will not sell, assign or transfer any of his property with intent to hinder, delay or defraud the plaintiff in the collection of his claim or demand if the plaintiff shall prevail on the trial of such action, and that such defendant or his sureties will pay the amount of any judgment recovered against such defendant in such action."

him (Bloomingdale v. Adler, 7 Misc. Rep. 182, 27 N. Y. Supp. 321; Schwartz v. Wechler [Com. Pl. N. Y.] 20 N. Y. Supp. 861); but it is claimed that this power has been given by the amendatory act noted. Such is not its effect. The act cannot be construed as relating to judgments other than those rendered upon a default. Nothing therein contained gives a justice power to order a new trial, and the jurisdiction to "vacate, modify, and set aside" clearly appears to have been intended as but auxiliary to the power to set aside a default. If the first sentence of the statute leaves any doubt as to the question, it is removed by the last, which provides: "He [the justice] may likewise, as a condition for opening any such default, or vacating, modifying or setting aside any judgment, order any defendant in default to give an undertaking," etc., that he will not delay plaintiff's collection of his claim "if the plaintiff shall prevail on the trial of such action." We may well point out the situation which would be presented by the opposite construction of the act. A defeated litigant would be required to await the expiration of the time within which the justice would have power to vacate or modify the judgment in order that a definite position upon appeal might be intelligently assured, yet the expiration of this period would mark the limit of the time to appeal. Our conclusion is that by the judgment originally rendered upon the trial of this action the cause was determined. The first order made thereafter was a nullity, and that from which this appeal is taken was necessarily without significance. Appeal dismissed, but, under the circumstances of the case, without costs.

