(19 Misc. Rep. 31.)

### BURKHARD v. SMITH.

(Supreme Court, Appellate Term, First Department. December 28, 1896.)

1. APPEAL FROM DISTRICT COURT—STATUTE—REPEAL.

The right to appeal, on an error of fact, from a default judgment, rendered by a justice of a district court, given by Consolidation Act (Laws 1882, c. 410), § 1438, and continued by Code Civ. Proc. § 3213, as amended by Act 1895, so that after January 1, 1896, appeal should be to the supreme court, whereas before that it was to the court of common pleas, was not taken away by implication by Laws 1894, c. 750, or Laws 1896, c. 748, amending Consolidation Act, § 1367, and giving justices of the district certain powers, which, so far as concerns the opening of defaults, are the same in each act.

2. OPENING DEFAULT—SERVING SUMMONS—EVIDENCE.

Default should be opened on affidavits of defendant, his son and attorney, that summons was not served on defendant, but was left at his place of business during his absence on account of sickness, and that he had no knowledge of the action till after issue of execution, notwithstanding the unsworn indorsement of the marshal on the summons that it had been personally

served on defendant, and affidavits of plaintiff and another that defendant's son attempted to settle the claim after date of the summons, and before the return day, and stated that he knew suit had been brought.

Appeal from Second district court.

Action by Peter Burkhard against Benjamin C. Smith. From a judgment on default, defendant appeals, assigning errors of fact, in that summons had not been served on him. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Samual S. Waters, for appellant.

Herman S. Butler, for respondent.

BISCHOFF, J. The right of appeal for error of fact as to matters not brought before the justice at the trial, such as the failure of service of the summons where the defendant had not appeared, was accorded to a defendant in an action brought in one of the district courts, by section 1438 of the consolidation act (chapter 410, Laws 1882; Jennings v. Miller, 10 Misc. Rep. 762, 31 N. Y. Supp. 814); the appeal being addressed to the court of common pleas, prior to January 1, 1896. By sections 3213 of the Code of Civil Procedure (as amended to take effect January 1, 1896), this right of appeal was continued, the hearing to be by the supreme court, and so, through the designation of the appellate division, by this appellate term. Section 1367 of the consolidation act (amended by chapter 748 of the Laws of 1896) gives the justices of the district courts power to open defaults, on proper motion, and also to grant new trials in cases where there has been an appearance by the defendant, and an actual trial of the issues; but this enactment, so far as the power to open defaults was thus given, does not override or repeal, by implication, the provisions of the Code authorizing appeals to this court from judgments rendered upon default, where the appeal is taken for "error of fact," as that term is understood. As to defaults, these justices possessed the same power, by virtue of chapter 750 of the Laws of 1894 (amending section 1367 of the consolidation act), as is given by the later amendment under the Laws of 1896, which last enactment simply gives added power over judgments rendered after a trial,—a power not included among those accorded by the amendment of 1894. Zimmermann v. Bloch, 12 Misc. Rep. 158, 32 N. Y. Supp. 1073. That the legislature, when giving jurisdiction to these justices to open judgments by default, intended to make this remedy exclusive of appeals from such judgments, could not be held, unless the intention clearly appeared, since repeals by implication are not to be favored (23 Am. & Eng. Enc. Law, pp. 489–491, and cases cited); and here the intention appears to have been to the contrary, for the right of appeal was given, or continued, by the Code as amended in 1895, while the statute giving the justices this power over defaults was in force. And the enactment in 1896 made that particular power no greater nor more exclusive; it merely continued it. The appeal, therefore, may be entertained, and, as we view it, successfully to the appellant.

From the affidavits submitted, those of the defendant, his son,

and his attorney, it appears that the summons was never served upon the defendant, but, according to the two first named affidavits, was left at his place of business during his absence, on account of sickness; further, it is shown that he had no knowledge of the action until after execution had been issued. Against this, we have the customary, unsworn indorsement by the marshal upon the summons that it had been personally served on the defendant; but, while there attached to this a presumption of regularity, such presumption was rebutted by the defendant; and, in the absence of an affidavit by the marshal, who certainly had peculiar knowledge of the matter, to the contrary of these averments, we are satisfied that there should be a retrial of the cause. Waring v. McKinley, 62 Barb. 612; Carroll v. Goslin, 2 E. D. Smith, 376. The affidavits submitted by the plaintiff do not attempt to show personal knowledge that the summons had been served upon the defendant, but merely allege an attempt by the defendant's son to settle the claim, after the date of the summons, and before the return day, and aver a statement made by the son that he knew it (the summons) had been served, in which last allegation the plaintiff is not supported by his corroborating witness, who states the son's representation to have been as to knowledge that a suit had been brought. We do not think that the fact of service upon the defendant, or of his knowledge of the attempt of service, were sufficiently shown by these affidavits to overcome the defendant's proof of failure of service and absence of knowledge. Therefore, in the interests of substantial justice, he should have an opportunity to make his defense against the plaintiff's demand.

Judgment reversed, with costs to the appellant. All concur.