real estate, he will not forget his deceased friend's family. These expressions left the whole matter in the air. They suggested hope of payment, but they could not well have inspired faith. In a general way, they evinced kind feeling and generous purpose. But that is all. There is no certainty about it. It is impossible to hold that this vague and guarded language, coupled, too, with a subsequent phrase, in which the writer says, "I will call and explain my position more fully in person," amounted to a clear, distinct, and unequivocal promise to pay, or that it necessarily or reasonably imported such a promise. There was consequently nothing for the jury to pass upon. The absence of the required promise was manifest upon the face of the letter, and there was no question of fact as to its intent or meaning.

The order appealed from was therefore right, and should be affirmed, with costs. All concur.

---

(28 Misc. Rep. 172.)

### IRON-CLAD MFG. CO. v. BENJAMIN E. SMITH & SONS.

(Supreme Court, Appellate Term. June 28, 1899.)

1. PROCESS—PERSONAL SERVICE—DIFFERENT SUMMONS.

  Under Code Civ. Proc. § 2878, providing that personal service of the summons must be made by delivering a copy thereof to the defendant; and section 2879, providing that, where the defendant to be served is a corporation, the summons may be personally served upon it by delivering a copy thereof to an officer or person to whom a copy of the summons in an action brought against the corporation in the supreme court might be delivered, or to any director or trustee of the corporation, by whatever official title he is called,—no service is made in an action in the municipal court of New York City, and the court acquires no jurisdiction, where there is handed to and left with the treasurer of a corporation a summons returnable at a time several days prior to the date of the issue of the summons returned.

2. APPEAL—DEFAULT JUDGMENT—MUNICIPAL COURT OF NEW YORK CITY.

  An appeal will lie to the supreme court from a judgment by default, under Code Civ. Proc. § 3057, relating to appeals from justices of the peace, made applicable to appeals from municipal courts by Consolidation Act, § 1367.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the Iron-Clad Manufacturing Company against Benjamin E. Smith & Sons, a corporation. There was a judgment by default for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Samuel S. Watters, for appellant.
Charles S. Cleaveland, for respondent.

FREEDMAN, P. J. This appeal is taken by the defendant from a judgment entered against it by default. The return shows that a summons was issued on the 23d day of January, 1898, returnable on the 3d day of February, 1898, which summons, together with the verified complaint, appears by the affidavit of Benjamin B. Barnett,

a person duly deputized to make the service, to have been served upon the treasurer of the defendant corporation on January 24, 1898. Upon the return day of the summons the defendant did not appear, and judgment was rendered against it. An appeal was thereupon taken, and the defendant submits affidavits containing statements upon which it asks for a reversal of the judgment upon the ground that the defendant was not served with the summons in this action.

This appeal comes within the provisions of section 3057 of the Code of Civil Procedure, made applicable to appeals from municipal courts by section 1367 of the consolidation act, authorizing appeals from judgments rendered upon default where the appeal is taken for errors of fact. Burkhard v. Smith, 19 Misc. Rep. 31, 42 N. Y. Supp. 638; Hardware Co. v. Young, 27 Misc. Rep. 226, 57 N. Y. Supp. 753. The return of personal service upon the defendants made out a prima facie case of jurisdiction over the person of the defendants, yet, if the summons was not in fact served, no jurisdiction could have been in fact acquired. Fitch v. Devlin, 15 Barb. 47. The respondent does not claim that service of the summons herein returned was made, it appearing that there was handed to and left with the treasurer aforesaid a summons returnable at a time several days prior to the date of the issue of the summons returned. No service as required by sections 2878 and 2879 of the Code of Civil Procedure was therefore made upon defendants, and the court acquired no jurisdiction, in fact, of the persons of the defendants. Judgment must therefore be reversed.

Judgment reversed, with costs to appellant. All concur.