(36 Misc. Rep. 184.)

### NEWTON v. STACHELBERG.

(Supreme Court, Appellate Term. October, 1901.)

MUNICIPAL COURTS—SERVICE OF PROCESS.
　　There is no authority for any other service of summons than personal in the municipal court, except in the cases stated in Code Civ. Proc. §§ 2879-2882, and service of summons on one stating that he was the attorney for defendant gives the court no jurisdiction over the defendant.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Robert S. Newton against Newton Stachelberg. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

Meyer Greenberg, for appellant.

Maurice Meyer, for respondent.

FREEDMAN, P. J. The summons in this action, as appears by the return indorsed thereon by the person making such service, was served upon one Albert I. Sire; and the return states that, at the time the service was made, "Sire stated to deponent that he was the attorney for, and authorized the same for, said defendant." Upon the return day of the summons said Sire appeared, and, claiming to act for the defendant, by consent the cause was adjourned until June 25, 1901. The defendant was never served with the summons, and did not appear in court, except that on the 25th day of June, aforesaid, he appeared in person and by the attorney who now represents him upon this appeal, and objected to the jurisdiction of the justice, and offered to show by proof that he had never been served with the summons, and had never authorized Sire to accept service for him, or to appear in the action. This offer was refused by the justice, and the plaintiff took a judgment against the defendant; the defendant taking no further part in the proceedings.

It is evident that the justice acquired no jurisdiction over the person of the defendant by service of a summons upon Sire. The defendant upon this appeal files his affidavit, in which he swears that he never authorized Sire to accept service of the summons or to appear in the action, and there is nothing to contradict this testimony. That a municipal court is a court of inferior and limited jurisdiction, and can only acquire jurisdiction over the person of a defendant in the manner provided by the statute, needs no citation of authority to prove. There is no authority for substituted service in these courts, except as provided for in sections 2879–2882 of the Code of Civil Procedure, and none of those sections apply to the circumstances disclosed in the case at bar. The defendant has a right to show upon appeal that no service was ever made upon him. Code Civ. Proc. § 3057; Burkhard v. Smith, 19 Misc. Rep. 31, 42 N. Y. Supp. 638; Hardware Co. v. Young, 27 Misc. Rep. 226, 57 N. Y. Supp. 753; Manufacturing Co. v. Smith, 28 Misc. Rep. 172, 59 N. Y. Supp. 332.

As the court utterly failed to obtain jurisdiction over the person of the defendant, its judgment is absolutely void.

Judgment reversed, with costs. All concur.