(40 Misc. Rep. 249.)

## LONG BRANCH PIER CO. v. CROSSLEY.

(Supreme Court, Appellate Term. March, 1903.)

1. MUNICIPAL COURT—OPENING DEFAULT—APPEAL.

    In an action begun in the municipal court of New York after Municipal Court Act (Laws 1902, p. 1486, c. 580) went into effect, defendant may appeal from a judgment taken against her on her default, but cannot, under the direct provisions of section 257, appeal from an order opening the default.

2. SAME—CONDITIONS.

    An order opening a default in a municipal court may, under Laws 1902, p. 1486, c. 580, § 257, provide that the judgment shall stand as security.

3. SUMMONS—RETURN OF SERVICE.

    A marshal's return of personal service of a summons cannot be controverted by affidavit of defendant that she was not served.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Long Branch Pier Company against Hannah L. Crossley. Judgment for plaintiff, and defendant appeals. Dismissed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Randolph M. Newman, for appellant.

L. & A. U. Zinke, for respondent.

PER CURIAM. The defendant has brought two appeals. The first is from a judgment entered against her by default on September 30, 1902, and the second is from an order, made upon her own application, relieving her from her default upon certain terms. The action was begun by the issuance of a summons and verified complaint on September 23, 1902, returnable on September 30, 1902. Upon the return day the defendant failed to appear, and plaintiff took a judgment against her by default. On October 15, 1902, an order to show cause was made upon defendant's application why the judgment entered on default should not be vacated, set aside, and canceled of record. This order was based upon an affidavit, made by the defendant, setting forth the allegation that she had never been served with the summons in this action. The said order was returnable on October 16, 1902, when the motion was argued. On the following day—i. e., October 17, 1902—the justice refused to set aside the judgment, but did open defendant's default, allowing the judgment to stand as security. The cause was set down for trial on October 21, 1902, but was subsequently set down for trial on November 10, 1902. The respondent moves to dismiss both appeals.

As this action was begun subsequent to September 1, 1902, the provisions of the municipal court act (Laws 1902, p. 1486, c. 580) apply. The summons and a verified complaint herein were personally served upon the defendant, according to the return of the marshal, upon September 23, 1902. The return herein is silent as to what proof was offered by the respective parties, upon the return of the order to show

¶ 2. See Judgment, vol. 30, Cent. Dig. §§ 324, 328, 331.

cause, regarding the service or nonservice upon the defendant of the summons and complaint in this action. It contains only the affidavit of the defendant alleging that such service was not made, and the certificate of the marshal that such service was made. To this feature of the case, however, we need give no consideration, for the reason that the default was, as we have seen, opened, and the judgment vacated and set aside for all purposes, except that of security to the plaintiff. From the order opening the default herein no appeal lies. Laws 1902, p. 1486, c. 580, § 257. An appeal can only be taken from the judgment. See ·Beebe v. Nassau Show Case Co., 41 App. Div. 456, 58 N. Y. Supp. 769.

As to that portion of the order which permitted the judgment to stand as security, section 253 of the statute, above cited, permits the court to open a default upon "such terms and conditions as the court may deem proper." The court, in the case at bar, had clearly the right to impose the condition it did, and we see no reason for disturbing the order in that respect.

The affidavits submitted by the appellant cannot controvert the return, and form no part of the record, and cannot be considered. See Barber v. Stettheimer, 13 Hun, 198. Appeals dismissed, with $1c costs and disbursements.

Appeals dismissed, with $10 costs and disbursements.