### LONG BRANCH PIER CO. v. CROSSLEY.

. - (Supreme Court, Appellate Term. June- 22, 1903.)

1. DEFAULT JUDGMENT—VACATION—APPEARANCE—SUBSEQUENT TRIAL—ISSUE AS
.    TO SERVICE.
    After suffering default judgment, defendant moved to vacate it on the ground that service of summons had not been made. The court treated this application as one to open a default, and vacated the judgment to the extent of permitting defendant to come in and plead. An appeal from the judgment and order was dismissed. Defendant answered that she had never been served with summons, and, on a trial, offered proof on that issue, which was excluded. *Held* that, as there had at no time been a voluntary appearance and submission to the jurisdiction of the court by defendant, the exclusion of this evidence was error.

Appeal from Municipal Court, Borough of Manhattan, Second District.       .       •         .

Action by the Long Branch Pier Company against Hannah L. Crossley. Judgment for plaintiff, and defendant appeals. Reversed.

See 81 N. Y. Supp. 905.           .

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Randolph M. Newman, for appellant.

L. & A. U. Zinke, for respondent.    .

FREEDMAN, P. J. This case has been before this court on a former appeal (81 N. Y. Supp. 905) from a judgment rendered upon the default of the defendant in failing to appear on the return day of the summons, and also from an order opening defendant's default in failing to appear, as before stated. We then held that under the provisions of section 257, p. 1563, of the Municipal Court act, no appeal would lie from an order opening a default, and that, the-judgment having been practically set aside by such order, the appeals . should be, and they were, dismissed. Subsequently, when the case came up for trial, the defendant interposed an answer setting forth, among other allegations, that she had never been served with the

¶ 1. See Appearance, vol..3, Cent. Dig. §§ 41, 52

summons in the case; and on the trial she offered proof on that issue, which was objected to by plaintiff's counsel and excluded. This was error. The direct question as to whether or not the court had acquired jurisdiction over the person of the defendant by service of the summons upon her had never been determined by any court. The court below, upon defendant's motion to vacate the judgment upon the ground that service of the summons had not been made, treated the application as one to open a default, and vacated the judgment to the extent of permitting the defendant to come in and plead; and an appeal from such order, the Appellate Term held, was not permitted under the act aforesaid, and such order could only be reviewed upon an appeal from the final judgment. Prior to the passage of the Municipal Court act (Laws 1902, p. 1486, c. 580), a defendant, by bringing an appeal from a judgment, could, under section 3057 of the Code of Civil Procedure, made applicable to proceedings in Municipal Court, have the question as to whether or not service of the summons had ever been made upon him determined upon affidavits. Ironclad Mfg. Co. v. Smith, 28 Misc. Rep. 172, 59 N. Y. Supp. 332. Although the new Municipal Court act contains no such provision, whether or not the provisions of section 3057, supra, could not be invoked in a proper case, by virtue of section 20, p. 1496, of the Municipal Court act, which declares "that the provisions of the Code of Civil Procedure * * * shall apply to the Municipal Courts as far as the same can be made applicable and are not in conflict with the provisions of this act," need not now be determined, for the reason that the return of a marshal is not conclusive, and may be impeached by parol evidence, and that may be done in the court below. Burbanks' Hardware Co. v. Hinkel, 76 App. Div. 183, 78 N. Y. Supp. 365. The defendant had insisted from the first that no service had ever been made upon her, and had at all times endeavored to have that question determined, and it therefore cannot be said that there was a voluntary appearance and submission to the jurisdiction of the court on her part.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.