GROSSMAN BROS. & ROSENBAUM v. ATLAS CONST. CO.

(Supreme Court, Appellate Term. November 12, 1909.)

1. APPEAL AND ERROR (§ 127*)—JUDGMENT WITHOUT SERVICE OR APPEARANCE.
    Where judgment was entered against a corporation without service or appearance, the corporation might appeal therefrom.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 885; Dec. Dig. § 127.*]

2. CORPORATIONS (§ 507*)—ACTIONS—PROCESS—SERVICE.
    Attempted service of summons on a corporation by delivering a copy to its ex-president, who had ceased all connection with the corporation for nearly six months prior to the service, would not constitute service on the corporation.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1983, 1989; Dec. Dig. § 507.*]

3. COURTS (§ 99*)—LAW OF THE CASE.
    Where judgment was rendered in the Municipal Court against a corporation without service or appearance, the City Court's subsequent refusal to vacate an order in supplemental proceedings was not res judicata, in the Appellate Term of the Supreme Court on appeal from the judgment, that the person served was the corporation's president at the time of service.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Grossman Bros. & Rosenbaum, a corporation, against the Atlas Construction Company, a corporation. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Bond & Babson, for appellant.

Eisman, Levy, Corn & Lewine (Joseph J. Corn, of counsel), for respondent.

PER CURIAM. Service of process was made on a person who up to January 5, 1909, had been president of defendant, but had ceased all connection with defendant for about six months previous to such service. Judgment was taken by default. Defendant has not appeared in the action in any way, except for the purpose of this appeal from said judgment.

Defendant's practice in taking this appeal from the judgment, entered without service of process or appearance of defendant in the action, was proper. Swift & Co. v. Mutual Comm. Co. (Sup.) 107 N. Y. Supp. 40; Oswego County Savings Bank v. Town of Genoa, 28 Misc. Rep. 72, 59 N. Y. Supp. 829; Burkhard v. Smith, 19 Misc. Rep. 31, 42 N. Y. Supp. 638. The facts are practically undisputed, as the respondent's statements, with regard to the position of the person served with process, do not directly contradict the facts set forth in the appellant's affidavit to the effect that said person was not connected with the defendant at the time of the service, nor for about six months previous thereto. The fact that the City Court refused to vacate an order in supplementary proceedings does not render res adjudicata in this court plaintiff's claim that the person served was defendant's president at the time of service. The court below never acquired jurisdiction of defendant, and the judgment must be reversed, with costs, and the complaint dismissed.

Judgment reversed, with costs, and complaint dismissed.