## JACOBS v. ATLAS CONST. CO.

(Supreme Court, Appellate Term. November 12, 1909.)

1. APPEARANCE (§ 26*)—SPECIAL APPEARANCE.

Where the service of summons was void, the appearance of defendant for the purpose of appealing from the default judgment gave the trial court no jurisdiction over defendant.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 154–159; Dec. Dig. § 26.*]

2. COURTS (§ 190*)—MODE OF REVIEW.

An appeal from a default judgment of the Municipal Court of New York City, entered without service of process, is proper practice.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Myer Jacobs, doing business under the name and style of the Acme Press, against the Atlas Construction Company. From a judgment for plaintiff by default, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Bond & Babson, for appellant.

William Hauser, for respondent.

PER CURIAM. There seems to be no doubt that the summons was served on a person in no way connected with defendant corporation, and that defendant has not appeared, except for the purpose of this appeal, so that the court below never acquired jurisdiction over defendant. The practice of the latter in appealing from the judgment entered without service was proper, as no service of process was made on defendant (Swift & Co. v. Mutual Commission Co. [Sup.] 107 N. Y. Supp. 40; Iron Clad Mfg. Co. v. B. E. Smith & Sons, 28 Misc. Rep. 172, 59 N. Y. Supp. 332; Burkhard v. Smith, 19 Misc. Rep. 31, 42 N. Y. Supp. 638); and the appeal was timely taken, inasmuch as no written notice of the entry of the judgment was served on defendant (Code, § 3046).

The judgment must be reversed, with costs, and the complaint dismissed.