(96 Misc. Rep. 476)

### WEAVER v. WEAVER.

(Supreme Court, Special Term, Monroe County. August 3, 1916.)

*(Syllabus by the Court.)*

1. DIVORCE ⬅═327—JUDGMENT—EFFECT—APPEARANCE.

A judgment of divorce, rendered upon substituted service upon a nonresident defendant, is not changed so as to give it the effect of a judgment rendered upon personal service or personal appearance before judgment by a motion by the nonresident to vacate and to set aside the judgment for irregularities and defects in the judgment for want of jurisdic-

tion and for leave to plead upon the merits, when the motion is granted and the defendant then demurs to the complaint but subsequently the order vacating and setting aside the judgment is reversed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. ☞327.]

2. APPEARANCE ☞8(8)—GENERAL APPEARANCE—MOTION TO VACATE JUDGMENT.

A motion by a nonresident defendant to vacate and set aside a judgment, taken by defendant on the ground of irregularities and defects in the procedure leading up to the judgment, want of jurisdiction, and for leave to plead upon the merits, amounts to an appearance in the action and to a submission of the person of the defendant to the jurisdiction of the court for the purposes of subsequent proceedings.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 41; Dec. Dig. ☞8(8).]

3. DIVORCE ☞327—FOREIGN DIVORCE—OPERATION AND EFFECT.

A decision of the court on such a motion validates the original judgment, but does not give it the effect of a judgment rendered upon personal service or personal appearance of the defendant.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. ☞327.]

4. DIVORCE ☞327—FOREIGN DIVORCE—EFFECT—SEPARATE MAINTENANCE—TEMPORARY ALIMONY.

An order for temporary alimony, made in an action for separation pending in New York state, will not be vacated on the ground that a judgment of divorce in New Mexico between the same parties is a bar to the prosecution of the separation action, where the latter court did not have jurisdiction of the person of the defendant.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. ☞327.]

Action by Alice M. Weaver against Simon L. Weaver. Motion to vacate order allowing temporary alimony denied.

John Van Voorhis' Sons, of Rochester, for the motion.
Hugh Maguire, of Rochester, opposed.

RODENBECK, J. This is a motion to modify an order made in an action for separation granting an allowance for alimony to the defendant. The motion is based upon the ground that since the commencement of the action the plaintiff has obtained a divorce from the defendant in the state of New Mexico. The merits of this position depend upon the validity of the New Mexico divorce. If it is binding in this state the order for alimony should be vacated.

[1–4] The courts of this state may inquire into the validity of the judgment of another state as to jurisdiction (Andrews v. Andrews, 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129), and the effect of the judgment in this state depends upon whether or not the foreign court has jurisdiction of the person of the defendant. Jurisdiction of the subject-matter in this case appears from the record. The defendant, however, was served by publication which did not operate to give the New Mexico courts jurisdiction of the person of the defendant. But after the rendition of the judgment she moved to vacate it for want of jurisdiction, and also offered to submit her defense upon the merits. The judgment

upon her motion was vacated, and she then demurred to the complaint. An appeal, however, was taken to the Supreme Court, and that court reversed the order of the court below vacating and setting aside the judgment, and held that the service made upon the defendant was regular, but that the defendant was late in making her motion.

The New Mexico court in its opinion said that by her appearance she had precluded herself from claiming that the judgment was void for want of jurisdiction of her person, and that she had in effect consented that the court have jurisdiction of the case. The effect of her application to set aside the judgment was to confer jurisdiction upon the court to review the judgment, and the decision of the court upon her motion validated the judgment. The defendant was bound by the judgment which had been rendered previously, and was validated upon her motion to vacate and set it aside. The judgment validated, however, was not a judgment upon personal service, but was a judgment rendered upon service by publication. This was the judgment that was validated.

The effect of the decision of the court was to validate the judgment which had been entered upon substituted service, but the appearance of the defendant for the purpose of moving to set aside the judgment did not have a retrospective effect so as to give the judgment the effect of a judgment rendered upon her personal appearance. Nor did the decision of the court have that effect. It merely confirmed the judgment that had been rendered, and did not change it from a judgment rendered upon substituted service to a judgment rendered upon personal service. The effect of the two judgments is quite different.

It would be unwise to hold that a nonresident may not attack a judgment rendered against her in another state without thereby subjecting herself to the liability of a personal judgment in a case where property is attached, or in case of an action for divorce to the danger of changing the judgment from one which is effective only within the state to one binding in the state of the defendant's residence. A motion amounting to a general appearance after judgment may have the effect of correcting defects in the proceedings leading up to a judgment, but cannot confer jurisdiction upon the court, either over the subject-matter of the litigation or the person involved, if such jurisdiction did not exist when the action was instituted and the judgment rendered. Mayfield v. Bennett, 48 Iowa, 194.

I have examined many of the authorities in other states, and find that they are not in accord upon the question as to the effect of a motion made to set aside a judgment for defects and irregularities in the procedure, or for want of proper service of process, or for absence of jurisdiction over the defendant (American Digest, Century Edition, vol. 3, p. 3083; Decennial Edition, vol. 2, p. 980), but I find no case holding that a personal liability can be created or the territorial effect of the judgment can be increased by such a motion or by the general appearance of the defendant after judgment.

The New Mexico statutes provide that a civil action is commenced by the filing of a complaint, and that within a year after the complaint is filed the defendant may waive the issuance of a summons in writ-

ing, or by appearing and answering or demurring.  Section 4089.
When substituted service is made the defendant is required to appear
within 20 days after the completion thereof.  Section 4099.  In this
state the Code of Civil Procedure provides that the defendant's ap-
pearance—

"must be made by serving upon the plaintiff's attorney, within twenty days
after service of the summons, exclusive of the day of service, a notice of ap-
pearance, or a copy of the demurrer or of the answer."  Section 421.

No other method of appearance is provided for in this state.  Un-
der this language and the provisions of local statutes regulating the
procedure in certain inferior courts it has been held that a motion by
a defendant to vacate a judgment does not cure a want of proper serv-
ice.  Bell v. Good (City Ct. G. T.) 19 N. Y. Supp. 693; Mehrbach v.
Partridge, 9 Misc. Rep. 209, 29 N. Y. Supp. 681.  It has also been
held that the appearance of a defendant for the purpose of appealing
from a default judgment gave the trial court no jurisdiction over the
defendant.  Jacobs v. Atlas Const. Co. (Sup.) 119 N. Y. Supp. 168.
The appearance of a defendant, resident or nonresident, in an action
before judgment, is, of course, readily distinguishable from his ap-
pearance after judgment for the purpose of questioning the jurisdic-
tion of the court or irregularities and defects in the proceedings lead-
ing up to the judgment.  Where a nonresident whose property has
been attached appears in an action before judgment for the purpose
of determining the validity of the attachment, his appearance confers
jurisdiction upon the court to render a personal judgment.  Olcott v.
Maclean, 73 N. Y. 223.  In an action for divorce upon substituted serv-
ice, where the defendant subsequently files an answer, he thereby sub-
mits himself to the jurisdiction of the foreign state, and the judgment
rendered thereafter becomes binding upon him.  Jones v. Jones, 108
N. Y. 415, 15 N. E. 707, 2 Am. St. Rep. 447.  An insufficient service
is not waived by answering after the question of want of service has
been raised by motion.  Harkness v. Hyde, 98 U. S. 476, 25 L. Ed.
237.  Setting up a counterclaim by a nonresident amounts to a sub-
mission to jurisdiction.  Merchants' Heat & Light Co. v. Clow & Sons,
204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488.  Where property of a
nonresident is attached he may appear specially to contest the attach-
ment, and thereby does not submit his person to the jurisdiction of the
court.  Davis v. C., C., C. & St. L. Ry., 217 U. S. 157, 30 Sup. Ct.
463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907.  Other
cases might be cited where a judgment has been held to be binding
upon a nonresident where he appeared and the issues were tried, but
they are not an authority to uphold the validity in this state of a judg-
ment obtained upon substituted service where the defendant after
judgment moved to vacate the judgment and the judgment thereafter
was declared valid.  The motion in the case at bar was an appearance
which validated the judgment in New Mexico, but did not change its
character from a judgment binding within the state to one effectual in
this state.

The motion should therefore be denied, with $10 costs.